THE ADAMS COMPANY, Respondent, v. BUCHANAN et al., Appellants.

(176 N. W. 512.)

(File No. 4607.   Opinion filed February 19, 1920.)

1. **Injunction—Temporarily Enjoining Erection of Oil Storage Structure Near Plaintiff's Building—Non-showing of Nuisance, or Menace of Damage—Enjoining Operating of Business, Defendant's Right to Erect Re Erection—Rule.**

   Where, in a suit to enjoin defendants from completing construction of building to be used for oil sale and storage on a lot adjacent to that occupied by plaintiffs' building, on the ground that such business would be hazardous to plaintiffs' building and would increase insurance rate thereon, held, in absence of any claim or showing that the proposed structures would be a nuisance, or a menace and source of damage to plaintiff, no ground for temporarily restraining erection of same existed; plaintiffs' only relief pendente lite or ultimate being enjoining defendants from conducting the proposed business—which plaintiffs allege would inflict irreparable injury; that the injunction should, in any case, have gone only against operating the business, and defendants should have been allowed to elect whether to continue erection of plant during the suit; that to thus stay the erection may have caused defendants great damage.

2. **Same—Restraining Operation of Proposed Plant—Injunction, Relation of to Ultimate Relief—Provisional Remedy as Aid to Ultimate Relief—Statute.**

   Injunctions may be sought as part or all of ultimate relief claimed by plaintiff (Subd. 1, Sec. 2424 Rev. Code 1919); or during litigation, not as real relief prayed for, but as provisional remedy to make possible ultimate relief claimed by plaintiff (Subd. 2 and 3). And, the prayed for relief being based upon increased cost of insurance on plaintiff's building and impairment of its safety and stock of goods therein, the injunction sought applies to Subd. 1.

3.    Same—Provisional Remedy, Non-anticipation of Merits of Cause
of Action, Rule—Non-probability of Ultimate Relief, Effect Re
Provisional Remedy.

On application for injunction under Subd. 2 and 3, Sec. 2424
Rev. Code 1919, court, in granting injunctional relief, should
not anticipate or predetermine merits of main cause of action;
yet where pendente lite injunction is sought as provisional
remedy only, it should not be granted where, on hearing of
motion, it is not apparent that ultimate determination in favor
of plaintiff· is reasonably probable.

4.    Same—Sole Relief Injunction, Temporary Injunction ought on
Grounds Re Permanent Injunction—Decision on Pendente
Lite Injunction, Whether Res Judicata Re Ultimate Relief.

But where, as in this case, sole relief sought is injunctional
and pendente lite injunction asked for is, as it must be, based
on grounds on which permanent injunction is sought, the de-
cision upon temporary injunction, while not final and res
judicata as to ultimate right, should usually be a virtual deter-
mination as to what final judgment will be.

5.    Same—Preliminary Injunction, Present Necessity Required, Irre-
parable Injury as Related To—Complaint, Showing, Necessary
Elements of.

As preliminary injunction operates somewhat like judgment
and execution before trial, it should be resorted to only under
pressing necessity to avoid injurious consequences, which can-
not be repaired by compensation; right to such injunction does
not arise merely because plaintiff asks for such relief only,
nor because of allegations that without it irreparable injury ·
would result; all depending on conviction of judge as to rights
of parties; hence two esesntial conditions exist re temporary
injunctions: complaint must allege cause of action for injunc-
tion; and showing from both sides should reveal that injunction
is reasonably necessary to protect plaintiffs' legal rights pend-
ing suit.

6.    Same—Temporary Injunction—Possible Injury, Insufficiency Of,
Reasonable Probability Necessary.

It is not sufficient ground for temporary injunction, that in-
jury may possibly result from the complained of acts; at least
reasonable probability must exist that the injury will follow if
injunction is denied, and not mere fear or apprehension.

7.    Same—Temporarily Enjoining Oil Storage, Sale, Structure—
Full Hearing by· Affidavits and Witnesses—Statute—Non-show-
ing of Increased Insurance Rates Re Menace—Acquiescence
in Construction, Effect—Remote Possibility of Fire, Futility.

Our statute concerning injunctions (Secs. 2423-2431 Rev.
Code 1919) contemplates that pendente lite injunction will be
determined upon affidavits; and in present suit there was full

showing by many affidavits and sworn witnesses; and as plaintiff failed to show that by erection and operation of proposed plant, his insurance premiums on policies upon his adjacent building and stock would be increased more than by erection and operation of any other mercantile plant, and proof being overwhelmingly that operation thereof would not constitute a menace to plaintiff's property or materially increase fire or explosion hazard thereof; that plaintiff stood by while some $2000 was expended in erection of said plant and complained only against location of power plant to be used in operating pump in defendants' plant, that defendants offered to place power plant further away from plaintiff's premises if desired, that power plant was a proper one whose operation would not ordinarily endanger from accident, that while fire or explosion might possibly result, the possibility is remote, that there is no probability of injury if injunction is denied; held, trial court erred in granting temporary injunction.

    Smith, J., and Gates, J., dissenting.

Appeal from Circuit Court, Butte County. Hon. JAMES McNENNY, Judge.

Action by The Adams Company, a corporation, against Berl O. Buchanan and Charles Bowles, co-partners as Buchanan & Bowles, to enjoin the construction and operation of defendants' proposed oil sale and storage building. From an order temporarily enjoining defendants, they appeal. Reversed.

*L. M. Simons,* and *W. G. Rice,* for Appellants.

*Martin & Mason,* for Respondent.

(1) To point one of the opinion, Appellants cited: High on Injunction, Vol. 1, Sec. 742; Texas Co. v. Fisk, 129 S. W. Rep. 188; Gose v. Coryell, 126 S. W. Rep. 1164.

Respondent cited: 20 R. C. L. 407; Whittemore v. Baxter Laundry Co., 52 L. R. A. N. S., page 930; S. C. 180 Mich. 564, 148 N. W. Rep. 437; Pierce Oil Corporation v. City of Hope, Advance Opinions U. S. Supreme Court, March 1, 1919, page 210.

(7) To point seven, Respondent cited, re effect of nonprotest by respondent: Harley v. Buick Co., 48 N. W. 1000 (Ia.); 29 Cyc. 1232; Mathews v. Gas Co., 65 N. W. 948 (Minn.).

WHITING, J. Appeal from circuit court of Butte county. Plaintiff was the owner of a substantial brick building of the approximate value of $12,000, containing a wholesale stock of merchandise of the approximate value of $40,000. Defendant,

intending to engage in the business of storing and vending gasoline and kerosene, began the erection of a concrete building on a lot adjacent to that occupied by plaintiff and about 15 feet from plaintiff's building; and erected five cement piers, seven feet high and of sufficient length to support three steel tanks of a capacity of 20,000 gallons each, which were to be used for the storing of gasoline and kerosene. In the construction of the foundation for said building and the erection of said piers, defendants had expended approximately $2,000 at the time this action was begun, wherein plaintiff seeks to enjoin defendants from completing their proposed structures and from engaging in their proposed enterprise in such close proximity to plaintiff's property; the alleged ground for such relief being that the storing and handling of such oils were hazardous to plaintiff's property and would increase the rate of insurance on same. Upon an order to show cause and after a most exhaustive hearing, the trial court entered an order restraining defendants "from constructing the said plant or any portion thereof and from operating the same or any portion thereof" during the pendency of this action. From such order defendants have appealed to this court.

[1] It is perfectly apparent that there existed no ground whatsoever justifying the court in restraining defendants from completing the proposed structures. There was no claim that they would be a nuisance or would, in any manner, be a menace or source of damage to plaintiff. The only relief, pendente lite or ultimate, to which plaintiff could possibly be entitled was the enjoining of defendants from conducting the proposed business—it was that which plaintiff alleged would inflict irreparable injury upon it. The injunction, therefore, should, in any case, have been directed only against the operating of the business, and the trial court should have allowed defendants to elect whether or not to continue the erection of their plant during pendency of this action. To thus stay the erection of the plant may have caused defendants great damage.

[2-5] Was plaintiff entitled to an order restraining the operation of the proposed plant? As above noted, the prayer for relief was based upon two grounds—increased cost of insurance and impairment of the safety of plaintiff's building and

stock of goods. An injunction may be sought as a part or all of the ultimate relief to which plaintiff claims to be entitled (subdivision 1, § 2424, Rev. Code 1919); or it may be sought, during litigation not as the real relief prayed for, but as a provisional remedy to make possible the ultimate relief to which the plaintiff may claim to be entitled (subdivisions 2 and 3, § 2424, Rev. Code 1919). It is apparent that this injunction is sought under subdivision 1 of said section 2424. On an application for an injunction under subdivisions 2 and 3, the court, in granting injunctional relief, should in no manner anticipate or predetermine the merits of the main cause of action (Helm v. Gilroy, 20 Or. 517, 26 Pac. 851; 1 Joyce on Injunctions, 195); and yet even where a pendente lite injunction is sought as a provisional remedy only, it should not be granted "where, upon the hearing of the motion, it is not apparent that the ultimate determination of the suit in favor of the complainants is reasonably probable" (Wilkinson v. Dobbie, 12 Blatchf. 298, Fed. Cas. No. 17670; 1 Joyce on Injunctions, 194). But where, as in this case, the sole relief sought in the action is injunctional and the pendente lite injunction asked for is, as it must be, based upon the very grounds upon which the permanent injunction is sought, the decision, upon the pendente lite injunction, while not final and res judicata as to the ultimate rights of the parties, should usually be a virtual determination as to what the final judgment would be under the same facts. As stated in 14 R. C. L. 312:

"As a preliminary injunction is in its operation somewhat like judgment and execution before trial, it is to be resorted to only when there is a pressing necessity to avoid injurious consequences, which cannot be repaired under any standard of compensation. The right to such an injunction does not arise merely because the plaintiff asks for that relief and nothing more, nor because he alleges that without it he would suffer irreparable injury. This results from the truism that all judicial action is taken on the conviction of the judge as to the rights of the parties, and not on the opinion of the parties themselves as to their rights. Hence there are two essential conditions to the granting of even temporary injunctions: First, the complaint must allege facts which appear to be sufficient to con-

stitute a cause of action for injunction; and, second, on the entire showing from both sides it must appear, in view of all the circumstances, that the injunction is reasonably necessary to protect the legal rights of the plaintiff pending the litigation."

[6] And as stated in 22 Cyc. 758:

"It is not sufficient ground for an injunction * * * that injury may possibly result from the acts sought to be prevented. There must be at least a reasonable probability that the injury will be done if no injunction is granted, and not a mere fear or apprehension."

[7] Keeping in view the above rules, let us consider the record before us. Our statute contemplates that pendente lite injunctions will be determined upon affidavits; and usually there is not a very full hearing on the issues of fact upon which the right to relief depends. But in this case it was quite different, as there was a very full showing on both sides. Not only were there 13 affidavits before the court, but 12 witnesses were sworn and testified. Plaintiff absolutely failed to show that, by the erection and operation of the proposed plant, hi sinsurance premiums would be ncreased one cent more than by the erection and operation of any other mercantile plant. The testimony of its own witness, an insurance agent, showed that, even the rate for "explosive insurance" would not be greater because of the fact that plaintiff's property was situated close to a gasoline storage plant. In fact the evidence was overwhelming in support of defendants' claim that the operation of their proposed plant would not constitute a menace to plaintiff's property or materially increase the fire or explosive hazard thereof. The evidence shows that plaintiff, before it entered a word of protest, stood by and saw some $2,000 expended in the erection of said plant, knowing fully the use to which the said plant was to be put. The evidence shows that the only complaint then entered was directed against the location of the power plant to be used in operating the pump in defendants' plant, and that defendants offered to place said power plant further away from plaintiff's premises, if plaintiff desired them to do so. The evidence showed that the power plant was a proper one and its operation attended with

no danger of accident unless something entirely out of the usual should happen to it.

The evidence fully established the fact that, while there might be a possibility of fire or explosion because of the operation of defendants' plant, such possibility is remote; that there is no probability that "injury will be done if no injunction is granted"; that all there is upon which to base an injunction is the "mere fear or apprehension of plaintiff." The court erred in granting the injunction. But, if the facts as disclosed upon the final trial shall show plaintiff to be entitled to the relief sought, the denial of the injunction pendente lite will in no manner stand in the way of plaintiff's final recovery.

The order appealed from is reversed.

SMITH, J. (dissenting). I concur in the view that the erection of building, tanks, and pumps would not, in itself, entitle plaintiff to an injunction pendente lite, if entirely disassociated from the use intended. But the record in this case discloses that the construction and uses are inseparable, and are so intended and understood by defendants. The distinction suggested is therefore purely academic, and should not be considered of any importance in the determination of this appeal. The decisive question is whether the trial court abused its discretion in granting the order appealed from. Subdivision 1, § 2424, Rev. Code 1919, provides:

"An injunction may be granted in either of the following cases:

"1. When it shall appear by the complaint that the plaintiff is entitled to the relief demanded, and such relief, or any part thereof, consists in restraining the commission or continuance of some act, the commission or continuance of which, during the litigation, would produce injury to the plaintiff. * * *"

The acts sought to be enjoined in this case are the construction and use of the buildings, tanks, and pumps during litigation. This case, therefore, is clearly within the statute. It is conceded that "mere fear or apprehension that an act will be done" will not justify an injunction. But the doing of the act and the question whether there is a probability of injury resulting therefrom are quite distinct. Defendans admit that they are constructing, and will use, the buildings, etc., for the pur-

poses alleged; hence the only question here is as to the proba-
bility of injury resulting therefrom to plaintiff or his property.
The majority opinion is based upon the assertion that the evi-
dence shows "that the operation of the proposed plant would
not constitute a menace to plaintiff's property." The matter
of increased insurance rates is, of course, immaterial, and is
not a ground for injunction in itself. But the increased danger
to plaintiff's property and the safety of its employes is
material. It is true that upon this question there was a con-
flict in the evidence, and it may be that even a preponderance
in number of witnesses favored appellant's contention. But
that · fact is not controlling. The trial court, having before it
all the evidence and the witnesses sworn and examined, reached
the conclusion that the operation of the plant in the manner
proposed pending the litigation would probably endanger plain-
tiff's property and the lives of its employes, and, in the exercise
of the discretion which is concededly exercised by trial courts
in such cases, the trial court saw fit to issue its injunction
pendente. The rule is well settled that only a clear abuse of
such discretion will warrant an appellate court in reversing such
an order. In 14 R. C. L. 313 (.12) the law is thus stated:

"With the exercise of discretion by a trial court appellate
courts will not ordinarily interfere, unless a right is clearly
shown to exist to which recognition has not been properly
accorded in the lower courts, or there appears to have been a
clear abuse of power. If there has been a reasonable showing
made in support of the application in the court below, its action
in granting an injunction will be sustained."

I cannot concur in the majority opinion wherein it is held
that—

"Where * * * the sole relief sought in the action is in-
junctional, and the pendente lite injunction asked for is, as it
must be, based upon the very grounds upon which the perma-
nent injunction is sought, the decision upon the pendente in-
junction, while not final and res judicata as to the ultimate
rights of the parties, should usually be a virtual determination
as to what the final judgment would be under the same facts."

This statement implies necessarily that the decision upon
appeal in such case should be controlled by what appears to

be the preponderance of the evidence, wholly eliminating the element of discretion vested in the trial court; and this decision is a plain application of such a rule, for the reason that the supposed preponderance of evidence in appellant's favor is held decisive. This conclusion is 'wholly inconsistent with the rule almost universally adopted by courts of highest authority, which is that—

"Where the pleadings and affidavits of the parties show a controverted state of facts, the court of original jurisdiction exercises its discretion in assuming one of two opposite versions of fact to be correct, and if this discretion leads to the· granting of a temporary injunction it will not be disturbed on appeal, unless it clearly appears from the complaint that the plaintiff cannot in any point of view be entitled to the final relief of injunction as demanded therein." I Joyce on Injunctions, 212, § 117.

It is not even suggested in the majority opinion that—

"It clearly appears from the complaint that the plaintiff cannot in any view be entitled to the final relief of injunction as demanded therein."

Hence it is unnecessary to discuss that question.

Plaintiff's delay in seeking relief is suggested. This delay was explained in the evidence apparently to the satisfaction of the trial court, and need not be referred to here, for the reason that estoppel by laches is not the ground upon which the decision rests. The authorities in our own and in other states are so numerous and unfiorm and so easily accessible that a further discussion or citation of them would be an idle task, and I shall not attempt it. I deem it my duty, however, to record, and to state briefly the grounds of, my dissent.

GATES, J., concurs in the dissent.