STATE of Iowa, ex rel. G. Wylie PILLERS, III, Clinton County Attorney, et al., Appellants,

v.

Randall Eugene MANICCIA and Jon Michael Maniccia, Appellees.

No. 69010.

Supreme Court of Iowa.

Feb. 15, 1984.

Kermit L. Dunahoo, Des Moines, and G. Wylie Pillers, III, County Atty., Clinton, for appellants.

John R. Sandre and Richard O. McConville of Scalise, Scism, Sandre & Uhl, Des Moines, for appellee Randall Eugene Maniccia.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

HARRIS, Justice.

Can persons charged with crime be enjoined from disposing of property which might otherwise be used to reimburse their alleged victims or the county? The trial court held that no such injunction may issue and we agree.

When this suit was brought there were criminal charges pending against the defendants. The petition alleges that the defendants conspired to, and did, commit burglaries at two construction sites. A substantial amount of building materials was

said to have been taken and delivered to defendants. When defendants undertook to hold a public auction the county attorney brought this suit by and on behalf of the citizens of the county and state, including the victims of the defendants' alleged criminal offenses.

The petition asked for an injunction to restrain the defendants from selling, disposing of, or converting any of their personal or real property, and from removing any property from the state without court approval. The petition asked that the injunction continue until the court determined, under the victim restitution statute, whether any of the defendants' property should be used to reimburse their alleged victims or the county for the cost of the state's criminal investigation and prosecution.

Under the restitution statute, Iowa Code chapter 910 (1983), a convicted defendant must reimburse any person who has suffered pecuniary damages resulting from the defendant's criminal activities. When the defendant is reasonably able to do so, reimbursement is then to be made to the county for court costs, court-appointed attorney fees, or for the expense of a public defender. *See* Iowa Code § 910.2.

■ A temporary injunction was issued but was later dissolved and the action was dismissed. The trial court concluded that the county attorney:

has no inherent power to commence civil litigation to preserve the status quo until criminal charges are resolved against these defendants, nor statutory or common law right to seek civil redress for an Iowa or non-resident citizen injured by these criminal defendants, either as an independent action or an adjunct to and extension of pending criminal proceedings.

For purposes of this appeal we can assume, without deciding, that the county attorney had both authority and standing to bring this equity suit. We think that a court of equity has no inherent power to issue the injunction requested by petitioner.

I. In *Myers v. Caple*, 258 N.W.2d 301, 304–05 (Iowa 1977), we said:

The equitable power to enjoin is exercised only under extraordinary circumstances. It is not a routine remedy. It is designed primarily to avoid irreparable damage and to afford relief when there is no adequate remedy at law. [Authorities.]

The party seeking an injunction has the burden to show not only a violation of his rights but also that he will suffer substantial damage unless one is granted. [Authorities.] In deciding whether an injunction is appropriate, we are committed to the "relative hardship" or "balance of convenience" standard. *Kriener v. Turkey Valley Community School District*, [212 N.W.2d 526, 536 (Iowa 1973),] and *Johnson v. Pattison*, [185 N.W.2d 790, 797 (Iowa 1971)]. In the latter case we said:

"Equity usually invokes its extraordinary injunctive power only when necessary to prevent irreparable harm or when the complaining party is otherwise without an effective remedy. If the injury is slight and the injunction would result in serious hardship or loss to the defendant, courts have refused to enjoin, leaving the plaintiff to his claim for damages. Under this comparative injury doctrine, injunctions which are likely to cause greater injustice than they seek to prevent are properly refused."

We have often held that courts do not usually enter injunctions to prevent acts which are independently subject to penal laws. *See State ex rel. Clemens v. ToNeCa, Inc.*, 265 N.W.2d 909, 915 (Iowa 1978).

■ II. We believe the petitioner has not shown the inadequacy of the legal remedies available for defendants' alleged victims. The state has ample power, under Iowa Code chapter 808, to seize any goods known to be stolen. Under Iowa Code section 809.3, any property so seized would be subject to a claim by any person asserting the right to possess it.

The petition asserts there are only two victims of defendants' alleged crimes. They are known business entities, and there is nothing to indicate they could not look after their own interests.

■ Neither do we think that the injunction sought here is an appropriate means of ensuring reimbursement to the county under Iowa Code section 910.2. The county's right to reimbursement under that section is not certain. It may be ordered only after the victims have first been paid, and then after the court determines a defendant is "reasonably able" to do so. Moreover, the section authorizes reimbursement only for court costs and attorney fees, and not for the additional costs petitioner seeks here.

Finally, we find the cure sought by the county attorney is apt to be worse than the disease. Most or all of the assets which the state seeks to freeze might lawfully belong to the defendants. These assets might be needed to finance their defense. Under our criminal justice system defendants are presumed innocent of the pending charges. They are entitled to a trial. The possible injustice to them is not outweighed by the possible advantage to the county.

AFFIRMED.