**Royal W. OLSON and James L. Wagner, Plaintiffs and Appellants,**

v.

**Tim CASS, the Agar Board of Education and the Agar School District No. 58–1, Defendants and Appellees.**

Nos. 14555, 14562.

Supreme Court of South Dakota.

Argued May 22, 1984.

Decided June 6, 1984.

Scott N. Heidepriem of Heidepriem & Widmayer, Miller, for plaintiffs and appellants.

Darla Pollman Rogers of Myer & Rogers, Onida, for defendants and appellees.

HENDERSON, Justice.

This is an appeal from an order dated March 28, 1984, denying appellants a preliminary injunction against the Agar School District Board of Education (Board). We affirm.

The dispositive issue, framed by the pleadings and briefs, is simply: Did the trial court abuse its discretion when it denied the appellants' request for a preliminary injunction pending trial on appellants' complaint for permanent injunction? We hold that it did not.

Essentially, the facts are not in dispute. The Board determined that it had to contend with a problem of declining enrollment at the Agar High School. Projected enrollment for the high school for the 1984–85 school year was 19 to 21 students. Upon providing substantial notice to parents and others in the school district, the Board held public meetings on January 16, January 23, February 6, and February 13, 1984, to discuss options and alternatives.

A survey, based on questionnaires sent to high school parents, indicated a need and desire for changes within the school district. A further survey of all voting members in the district showed that 61% of that population favored contracting with other school districts for the education of the high school students.

A final decision on whether or not to contract out these students was to be made at the February 13 meeting. The procedure followed at that meeting precipitated this controversy. It is undisputed that at this meeting the Board went into executive session to discuss the issues facing the high school. After leaving the session and reassembling publicly, the Board, upon motion, voted to enter into contracts with other school districts for the education of the Agar High School students. During this meeting, the public was not given an opportunity to discuss the contracting issue before the final vote was taken.

Appellants contend that the Board's executive session violated South Dakota's

open meeting law.* As taxpayers, residents and electors of the school district, they petitioned the circuit court, on their own behalf and not as a class, for a temporary and permanent injunction enjoining the Board from entering into any contracts with other districts as a result of this meeting. An order to show cause and temporary restraining order was entered, whereupon a hearing was held on March 14, 1984, on the temporary injunction application.

The trial court found that appellees did violate the open meeting law when they went into executive session. However, the trial court was "equally convinced and persuaded that the patrons of the Agar School District were given a full and fair opportunity to be heard on the subject of the contracting of educational services. Numerous public meetings were held, with each being most adequately publicized before and after it was held; people in the district were given ample opportunity to ask questions and to state their opinions."

The court found that the purpose of the open meeting law had been met. That purpose is to prohibit actions being taken at secret meetings where it is impossible for the interested public to become fully informed and to detect improper influences. *See Greene v. Athletic Counsel of Iowa State U.*, 251 N.W.2d 559 (Iowa 1977). Because "the electors had an ample opportunity to educate themselves on the issues and to be heard regarding their opinions on the various alternatives," the trial court denied the request for a preliminary injunction on March 28, 1984. The temporary restraining order was dissolved. This court stayed the order of denial pending disposition on appeal.

■ In light of the Board's decision springing from the executive session, appellants contend that it was an abuse of discretion to deny the requested relief and

that the temporary injunction should have been issued based upon the criteria of an inadequate remedy at law. As set forth in *Anderson v. Kennedy*, 264 N.W.2d 714 (S.D.1978), a taxpayer's only relief from an action by a school board is by an appeal pursuant to SDCL 13–46–1. However, such an appeal is restricted to "any person aggrieved," and for a taxpayer to fall within this requirement he must be able to affirmatively show a special detriment in his individual or personal capacity. Here, appellants are acting only as representative taxpayers. Thus, they urge that should the Board be allowed to enter into a contract to educate students in other districts, they will be without a remedy.

■ The granting of injunctional relief rests in the sound discretion of the court, *Hofer v. Bridgewater Ind. Sch. Dist.*, 76 S.D. 483, 81 N.W.2d 300 (1957), and "should only be granted where, under the facts proven, it appears reasonably certain that the granting thereof will protect the party seeking it from some injury that would result in his damage." *Alsager v. Peterson*, 31 S.D. 452, 456, 141 N.W. 391, 392 (1913). "It is the duty of the court to consider its effect upon all parties in interest and to issue only in case it is necessary to protect a substantial right." *Hofer*, 81 N.W.2d at 303.

■ The concept of a remedy presupposes some type of harm, and thus, the issue of the inadequacy of a remedy can only arise upon a showing of possible detriment or injury. The party seeking an injunction has the burden of proving that he will suffer substantial damage unless the injunction is granted. *State ex rel. Pillers v. Maniccia*, 343 N.W.2d 834 (Iowa 1984).

■ Appellants have failed to sustain this burden of proving that a denial of the injunction will result in irreparable harm. Appellants relied solely on a verified com-

* SDCL 1–25–1 provides:
   Except as otherwise provided by law, the official meetings of the state and the political sub-divisions thereof including all related boards, commissions and other agencies, and the official meetings of the boards, commis-

sions and agencies created by statute or which are non-taxpaying and derive a source of revenue directly from public funds, shall be open to the public, except as provided in this chapter....

plaint to establish a right to their requested relief. The evidence at the show cause hearing substantiates the trial court's finding that the people of the school district were well informed as to the issues and scheduled meetings and that the Board acted in their interest and according to the majority's wishes.

Appellants insist a temporary injunction is necessitated by the trial court's finding that the school board violated the open meeting statutes, in conjunction with the holding in *Anderson,* 264 N.W.2d 714, 718 that "injunctive relief is not available to review discretionary acts of a school board *unless it is shown to have been exercised in an illegal,* unauthorized, or unlawful *manner."* (emphasis supplied). Despite this finding, however, appellants must still meet the burden of showing possible detriment to the interest of the school district, the public, or the taxpayers as a result of the Board's acts. *See,* 79 C.J.S. *Schools & School Districts,* § 420 (1952).

Appellants further contend the trial .court erred, when considering the petition for temporary injunction, in reaching the merits of the case. In *Adams v. Buchanan,* 42 S.D. 548, 552, 176 N.W. 512, 513 (1920), this court held that if an injunction is sought as a provisional remedy

> the court, in granting injunctional relief, should in no manner anticipate or predetermine the merits of the main cause of action.... And yet even where a pendente lite injunction is sought as a provisional remedy only, it should not be granted 'where, upon the hearing of the motion, it is not apparent that the ultimate determination of the suit in favor of the complainants is reasonably probable.'

Further,

> [W]here, as in this case, the sole relief sought in the action is injunctional and the pendente lite injunction asked for is, as it must be, based upon the very grounds upon which the permanent injunction is sought, the decision, upon the pendente lite injunction, while not final and res judicata as to the ultimate rights

of the parties, should usually be a virtual determination as to what the final judgment would be under the same facts.

Because injunctive relief will be denied if the court is convinced with reasonable certainty that the complainant will not succeed at the final hearing, "the court may consider the merits when it passes òn the question whether to grant or deny the preliminary relief." 42 Am.Jur.2d, *Injunctions* § 286, p. 1081 (1969).

■■ Facts frame issues. Considering the factual scenario, it was entirely within the trial court's discretion to consider the merits of the case in making its decision to grant a preliminary injunction. A trial court has a right and an obligation to make an informed decision. The Board's actions in going into executive session did not eliminate the necessity of showing irreparable harm. Upon review of the facts, the trial court found the taxpayers had been duly informed and given adequate opportunity to discuss the issue of contracting out its high school students. The Board actively included the public in the decision-making process. Interested school patrons and electors, over a period of months, were permitted ample input to fulfill the spirit of the law. This was hardly a secret decision. Although there was a technical violation of this state's public meeting law, there was substantial compliance therewith. *Application of Leo's Bus Service,* 342 N.W.2d 228 (S.D.1984). The record accords with these findings.

Our stay of the trial court's order denying preliminary injunction pending appeal, is herewith dissolved. We hold there was no abuse of discretion by the trial court in denying the temporary injunction.

All the Justices concur.