Clyde C. **HANSEN**, Plaintiff and Appellant,

v.

Thomas E. **ALBERTS**, Defendant and Appellee.

No. 16171.

Supreme Court of South Dakota.

Considered on Brief Dec. 1, 1988.

Decided Jan. 25, 1989.

Richard D. Hagerty, Yankton, for plaintiff and appellant.

Thomas E. Alberts, Avon, for defendant and appellee.

PER CURIAM.

## ACTION

Clyde C. Hansen (Hansen) appeals a judgment issued on his application for a preliminary injunction. We reverse and remand.

## FACTS

Hansen and Thomas Alberts (Alberts) owned adjoining agricultural property. Alberts' land was dominant over Hansen's and water drained from Alberts' property over Hansen's property. A fence line separated the two tracts of land and over the years the accumulation of "blow dirt" along the fence line restricted the flow of water from Alberts' property to Hansen's property. Alberts eventually had the fence line cleaned out with a backhoe which resulted in an increase in the flow of water over Hansen's property during periods of higher than average rainfall. This prevented the tillage of part of Hansen's land and increased the erosion of soil on portions of his property.

Hansen filed a complaint against Alberts alleging that Alberts had trespassed onto his property and dug a drainage ditch which changed the natural water flow and damaged his property. Hansen's complaint requested both preliminary and permanent injunctive relief as well as certain consequential damages and costs. Hansen specifically sought a preliminary injunction to require Alberts to restore his property to its original condition during the pendency of the action and to further require Alberts to restore the natural drainage and flow of surface water which existed prior to the clean up of the fence line.

A show cause hearing was held on Hansen's request for a preliminary injunction. Lengthy testimony was taken and a number of exhibits admitted concerning the history of the terrain and the drainage of water between the Hansen and Alberts properties. After the hearing, the trial court entered a memorandum opinion (later incorporated into its findings of fact and conclusions of law) finding that the drainage of water from Alberts' land was through a natural waterway which had become blocked by the accumulation of blow dirt along the fence line. Therefore, the trial court concluded that Alberts' removal of the blow dirt was a lawful act.

The trial court subsequently entered a "judgment" declaring that Alberts had a legal easement to maintain the flow of surface water in its natural course from his land over Hansen's land. The judgment denied Hansen's request for equitable relief (i.e. injunctive relief) with the exception of enjoining Alberts from any further trespass onto Hansen's property. Finally, the judgment decreed that any liability or damage resulting from removal of the blow dirt would be for that alone and not for any damages caused by the flow of water onto Hansen's property.

## ISSUE

Whether the trial court erred in adjudicating this case on its merits after the preliminary injunction hearing?

## DECISION

Hansen contends that the "judgment" entered by the trial court after the hearing on his request for a preliminary injunction represents a final adjudication on the merits of this case. Hansen argues that it was error for the trial court to adjudicate the merits where the only issue at the show cause hearing was the issuance of a preliminary injunction. We agree.

"The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Ferry–Morse Seed Company v. Food Corn, Inc.*, 729 F.2d 589, 593 (8th Cir.1984). A court may,

grant a preliminary injunction where it appears that there is a substantial controversy between the parties and that one of them is committing an act or threatening the immediate commission of an act that will cause irreparable injury or destroy the status quo of the controversy before a full hearing can be had on the merits of the case, and generally such an injunction will be granted whenever necessary to the orderly administration of justice.

*Missouri–Kansas–Texas R. Co. v. Randolph*, 182 F.2d 996, 999 (8th Cir.1950).

Given the limited purpose of a preliminary injunction and the haste that is often necessary to preserve the status quo of the parties, a preliminary injunction hearing involves less formal procedures and evidence that is less complete than in a trial on the merits. *University of Texas v. Camenisch*, 451 U.S. 390, 101 S.Ct. 1830, 68 L.Ed.2d 175 (1981). Thus, a party is not normally required to prove his case in full at a preliminary injunction hearing and the findings of fact and conclusions of law made by a court relative to a preliminary injunction will not be binding at the trial on

---

* "[A]ny evidence received on an application for a preliminary injunction which would be admissible on the trial on the merits, becomes part of

---

the merits.* *Id.* It follows that it is generally inappropriate for a court to give a final judgment on the merits at the preliminary injunction stage. *Id.*

■ The foregoing principles have been recognized in part by this court in *Adams Co. v. Buchanan*, 42 S.D. 548, 176 N.W. 512, 513 (1920), which states:

[W]here, as in this case, the sole relief sought in the action is injunctional and the pendente lite injunction asked for is, as it must be, based upon the very grounds upon which the permanent injunction is sought, the decision, upon the pendent lite injunction, *while not final and res judicata as to the ultimate rights of the parties*, should usually be a virtual determination as to what the final judgment would be *under the same facts.* (emphasis added).

*See also, Olson v. Cass*, 349 N.W.2d 435, 438 (S.D.1984). This statement makes clear that an unfavorable determination on an application for a preliminary injunction should not generally serve to bar a party from marshalling additional evidence and proving facts sufficient to entitle him to relief at a trial on the merits.

There is an exception to the foregoing rules which permits the consolidation of a preliminary injunction hearing and a trial on the merits at SDCL 15–6–65(a):

Before or after the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.

In interpreting the federal counterpart to this statute, the U.S. Supreme Court has stated:

Before such an order may issue, however, the courts have commonly required that "the parties should normally receive clear and unambiguous notice [of the court's intent to consolidate the trial and the hearing] either before the hearing commences or at a time which will still

---

the record on the trial and need not be repeated at the trial." SDCL 15–6–65(a).

afford the parties a full opportunity to present their respective cases."

*Camenisch, supra* 101 S.Ct. at 1834.

█ In this instance, there was no notice or order by the trial court directing that the trial on the merits be consolidated with Hansen's application for a preliminary injunction. Nor can we find that Hansen consented to such consolidation as his counsel made clear at the inception of the injunction hearing that the only relief Hansen was seeking at that stage was a preliminary injunction. We further observe that no motion for a judgment on the pleadings or for summary judgment was filed which would have permitted the trial court to reach the merits of the case. Therefore, based upon the foregoing authorities we find that the trial court erred in entering a final judgment in this matter.

Alberts seeks to avoid the above conclusion by contending that the trial court did not enter a final judgment on the merits. In this regard, Alberts points out that the "judgment" entered by the trial court specifically left open the issue of liability for damage caused by the removal of the blow dirt from the fence line.

Alberts' position, however, ignores the claims that were adjudicated in the trial court's judgment. The judgment determined that Alberts had a drainage easement over Hansen's land. The judgment denied Hansen's request for a permanent injunction requiring Alberts to restore the natural flow of water. Most importantly, the judgment foreclosed Hansen from recovering for damages resulting from the flow of water from Alberts' land across his land. These determinations went to the heart of Hansen's action and were far beyond a mere decision concerning issuance of a preliminary injunction. Making these determinations was clearly contrary to this court's admonition in *Adams, supra,* and *Olson, supra,* that a decision upon a pendente lite injunction is not intended to be final and res judicata as to the ultimate rights of the parties. Accordingly, the trial court's judgment in this matter was erroneous to the extent that it adjudicated Hansen's substantive claims against Alberts.

We reverse the "judgment" of the trial court and remand for entry of an "order" denying Hansen a preliminary injunction and for such further proceedings on the balance of Hansen's claims as are appropriate in reaching a final judgment in this matter.