IN THE

# SUPREME COURT

OF THE

# State of South Dakota,

Commencing with the Admission of
South Dakota as a State.

---

## QUEBEC BANK v. CARROLL et al.

1. An order discharging, continuing, refusing, or modifying an attachment is appealable. An appeal may be taken from such an order before judgment upon the main issues in the original cause of action.
2. The words in Subsection 3, of § 5236, Comp. Laws, "when it sets aside or dismisses a writ of attachment for irregularity," do not restrict the right of appeal, as provided in the first clause of said section.
3. Section 5228, Id., has no reference to the right of appeal, but relates solely to the continuance of the attachment in its full force and effect during the pendency of appeal.

(Syllabus by the Court; argued February 5, 1890: opinion filed March 1, 1890.)

Appeal from district court, Hamlin county; Hon. James SPENCER, Judge.

Motion to dismiss appeal. No briefs filed.

The facts so far as material are stated in the opinion.

VOL. 1, S. D.—1.

*A. B. Melville* for appellant.

*S. B. Van Buskirk* and *W. S. Glass* for respondents.

BENNETT, J.   This is an appeal from an order, discharging an attachment, made before a judgment was rendered upon the merits of the original action.   It is insisted by respondent:

1.   That no appeal lies from this order, for the reason that such an order is not within the meaning or purview of Section 5236, Comp. Laws, (Code Civil Proc.,) prescribing what orders may be carried to the supreme court by appeal.   This appeal must lie, if at all, by reason of subdivision 3 of that section, which is as follows:   "When an order grants, refuses, continues, or modifies a provisional remedy; or grants, refuses, modifies, or dissolves an injunction: when it sets aside or dismisses a writ of attachment for irregularity; when it grants or refuses a new trial; or when it sustains or overrules a demurrer."   We may go further and say that this is not an appealable order, unless it is sustained by a proper construction and meaning of the following words of that sub-section:   "When an order grants, refuses, continues, or modifies a provisional remedy, or * * * when it sets aside or dismisses a writ of attachment for irregularity."   Attachment has been classified as one of the provisional remedies in civil actions, under our code.   Chapter 11, Civil Proc. p. 842, Comp. Laws.   An attachment, under our practice, is merely a proceeding ancillary to the action, by which a party is enabled to acquire a lien for the security of his demand by a levy made before, instead of after, judgment. This ancillary proceeding may be taken at the time of the commencement of the action, or at any time afterwards.   Neither the action nor the judgment in any manner depends upon the attachment, although the attachment depends upon the action. The judgment in the case is precisely the same, whether the attachment is discharged or not.   This court could neither revise nor modify the final judgment in any particular, in consequence of any error in the attachment proceeding.   Our attachment laws permit a warrant to issue upon an affidavit made by any person, stating that a cause of action exists against such defendant; that the defendant is a non-resident; or has departed

with intent to defraud his creditors; or keeps himself concealed; or has incurred the debt under false pretenses; or is about to remove his property from the state, with intent to defraud his creditors; or has assigned, disposed of, or secreted, or is about to dispose of, his property with like intent. By virtue of this warrant, a sheriff can attach, take from, and keep the property of the defendant until the termination of the suit, unless the defendant gives an undertaking, executed by at least two securities, and for double the amount of the plaintiff's claim; or unless the defendant moves for a discharge of it, and controverts the facts set out in the affidavit upon which the warrant was issued, and obtains an order discharging the attachment. All these proceedings are outside of the merits of the original cause of action, and they usually precede the trial of the case. The issues raised, and the decision rendered, are independent of this trial. The practical and vital question presented, and for determination in all motions to discharge an attachment is, has the warrant justly and legally been issued, and has the defendant's property been rightfully or wrongfully taken?

It seems, upon principle, independent even of express statute, that the defendant, or other person interested in the property taken, ought not to be deprived of the right of appeal, in the event the order of the court below should be against him; otherwise he might be subjected in some instances to great and irreparable injury, nor should the plaintiff be deprived of this right, in case of an adverse decision, for he might thus be deprived of the means of collecting his judgment, if one was obtained in his favor in the main cause of action. We cannot, therefore, give the restricted construction to the above quoted sub-section of our Code upon appeals, that we are asked to by respondent's counsel. It is contended that, because that sub-section does not expressly state that an order discharging or vacating an attachment may be carried to the supreme court by appeal, therefore it cannot be done; yet an order which grants, refuses, continues, or modifies one, may, or an order which sets aside or dismisses the writ for irregularity can be. This objection cannot be well founded. It would practically destroy

the appellate power of this court in one of the most important features of an attachment proceeding, while the statute gave the right of appeal in less important and minor ones. If true, the defendant, however great may be the injury sustained by him in consequence of the wrongful issuance of the warrant of attachment, could have no remedy, when the order of the court below should be against him, no matter how erroneous might be the decision, unless it should be the remote, and perhaps uncertain, one, upon the plaintiff's undertaking.

It often becomes a question of difficulty to determine whether a particular cause comes within the statute; and in such case the object of the statute, and the purpose and intention of the legislature, are to be considered. The particular case may come within the letter of the statute, and yet not within the intention and purpose of the legislature; as, when it was, enacted "that whoever drew blood in the street should be punished with the utmost severity, it was held not to include a surgeon who opened the vein of a person having a fit on the street." If a case comes within the intention of the makers of the statute, it is within the statute, though by a literal construction it may not be within its letter. People v. Insurance Co., 15 Johns. 380; People v. Railroad Co.. 13 N. Y. 81; Leavitt v. Blatchford, 5 Barb. 9; Holmes v. Carley, 31 N. Y. 289; Brown v. Barry, 3 Dall. 365. The present case comes within the intention of the legislature. The primary object of the act was to give the right of appeal from all orders granting, refusing, continuing, or modifying a provisional remedy. or setting aside or dismissing a writ of attachment for irregularity. The words "granting," "refusing," "continuing," or "modifying." taken collectively, may embrace, and, without doubt, were intended to cover, all the proceedings that might be instituted in any provisional remedy, that is. anything which pertains to the granting of an attachment, it being a provisional remedy; or the refusing to grant it; or to any proceeding or order which. after its issuance, continued its life or existence; or that in any way modified or discharged it. One of the proceedings under our attachment laws is found in Section 5011, where a defendant, or any

person having an interest in the property attached, may move for a discharge of the attachment. This proceeding directly attacks the regularity and legality of the granting of the attachment, or the right of the plaintiff to hold the property seized by the officer under the writ. Upon this issue, affidavits and counter-affidavits may be heard. The decision of the court may materially affect the vital interests of the plaintiff, defendant, or other interested persons, Now, can it be said that the legislature intended to give the right of appeal from all the minor, and perhaps less important, proceedings, in granting, refusing. continuing, or modifying an attachment, but not one where the greater and more important proceeding in relation to the writ may be determined? We think not. In the construction of a statute, every part of it must be viewed in connection with the whole, so as to make all its parts harmonize, if practicable, and give a sensible and intelligent effect to each. It is not to be presumed that the legislature intended that any part of an enactment should be without meaning. Potter's Dwar. St. 144, 145; Ogden v. Strong, 2 Paine, 584; 1 Kent. Comm. 462; People v. Draper, 15 N. Y. 532.

Section 5228. Comp. Laws, (Code Civil Proc.,) which is a portion of the same enactment, contains the following words: "When a party shall give immediate notice of appeal from an order vacating or modifying a writ of attachment, or from an order denying, dissolving, or modifying an injunction, he may, within three days thereafter. serve an undertaking," etc. From this section we may reasonably infer that the legislature clearly intended to give the right of appeal from an order vacating a writ of attachment, or why should it provide for and prescribe the requirements of an appeal? But we are not left unsupported in our views upon this question. The subsection of our law on appeals which we have been considering was adopted, word for word, from the Revised Statutes of Wisconsin for the year 1878. The legislature of Dakota, having adopted this section from another jurisdiction, must necessarily adopt the construction put upon it by the appellate court of that jurisdiction. It is true that the supreme court of Wisconsin has not directly

construed this subsection, but it has done so by implication. The Law of that state, to be found in its Revised Statutes of 1878, and which was enacted in 1860, so far as the question under consideration is concerned, is the same. Under these laws, the question of the appealability from an order discharging a writ of attachment came before the supreme court in the cate of Couldren v. Caughey, 29 Wis. 320. A writ of attachment was issued upon plaintiff's affidavit. Afterwards the defendant traversed the plaintiff's affidavit. The issues were tried, and the court determined the traverse in favor of defendant, and ordered the attachment to be dismissed and dissolved. An appeal was taken to the supreme court from this order. A motion was made to dismiss the appeal by the defendant. The motion was denied, the court saying: "The order being one which refused or set aside a provisional remedy, there can be no doubt about its appealability." In the case of Rice v. Jerenson, 54 Wis. 250, 11 N. W. Rep. 549, the court again says: "These appeals being from judgments dismissing attachments upon trial by the court of the traverse of the affidavits, this court must necessarily review the evidence," etc., thus recognizing the right of appeal from an order, or, as it is termed by that court, a judgment, discharging an attachment. The subsequent express provisions, in the same subsection, for setting aside or dismissing writs of attachment for irregularity, cannot be regarded as a restriction of the previous general words. The word "irregularity" was intended to extend, rather than restrict, the right of appeal to a class of cases not before provided for—such orders as were not included in the previous words. No appeal could have been taken from them but for this provision. Howell v. Kingsbury, 15 Wis. 299.

2.    It is also contended that no appeal will lie from an order discharging an attachment until after judgment rendered upon the main cause of action. It is true our statutes requre this court, upon appeal from a judgment, to review any intermediate order or determination of the court below which involves the merits, and necessarily affects the judgment, whether the same is excepted to or not. From orders involving the merits

and affecting the judgment appealed from, appeal before or after judgment upon these orders is unnecessary.    Separate appeals from such orders would be litigious and oppressive, and would not be entertained. The appropriate appeal in such cases is from the judgment, bringing them here for review, as well as the main judgment itself.    But from orders not involving the merits or affecting the judgment on the cause of action, and arising upon provisional remedies incidental to the main issues, and which may seriously affect the rights and interests of not only the parties to the action, but others, we cannot but hold that the law-makers intended to give the parties aggrieved the right of an appeal, before judgment on the original suit, limiting this right to 60 days after written notice of the order appealed from has been served.    By Section 5216, Comp. Laws, the time in which an appeal to the supreme court must be taken is limited to 60 days after written notice shall have been served or given the party appealing, while for an appeal from a judgment rendered and duly perfected, two years is the limitation.

Should the contention of respondent's counsel be correct, under this statute of limitation, great injustice might be done to the defendant or other parties in interest who seek to have a warrant of attachment discharged, continued, or modified. This proceeding, being of an independent nature, and not involving or affecting the judgment in the main cause of action, may be instituted and determined long before the original cause can be heard upon the merits.    If no appeal could be taken from the order of the court below on this question until after judgment, many instances might arise where this could not be obtained until after the time had elapsed wherein an appeal would lie, and the party aggrieved would be deprived of this right by no fault of his own, but by force of circumstances over which he had no control.    If a wrong had been committed he would have no remedy, or, if one, not until perhaps too late to be of practical benefit to him, and it would subject him to bringing another suit on the bond given by plaintiff.    This we do not believe to be the intent of the law.

3.   The respondent also contends that no appeal will lie from an order dissolving an attachment, when no stay-bound or undertakiug is granted upon such order.   This contention is clearly untenable.   Section 5228, Comp. Laws, under which an undertaking is required, has no reference to the right of appeal, but relates solely to the continuance of the attachment in its full force and effect during the pendency of the appeal. If the appellant desires that the property should remain as it was before the order dismissing or modifying the attachment was made, he must serve within three days an undertaking, as required by that section.   The right of appeal is in no way affected by this section.   From the views above expressed, we must hold that the order appealed from in this action is an appealable one.   The motion to dismiss will be denied.   All the judges concur.