*462 OPINION OF THE COURT
Harold E. Koreman, J.
The defendant brought on Motion No. M-22829 for dismissal of Claim No. 61003 on the grounds that this court lacks subject matter jurisdiction of said claim, and that it fails to state a cause of action against the State of New York. The claimant cross-moves by Motion No. CM-22951 for consolidation or joint trial of Claim No. 61003 with 13 other claims, and for partial summary judgment in favor of each of the 14 claimants and against the defendant on the ground that the decision of the Appellate Division, Second Judicial Department, in a proceeding entitled Eden v Board of Trustees of State Univ. of N. Y. (49 AD2d 277) is res judicata on the question of the defendant’s liability to the claimants, leaving only the question of damages to be determined in this court.
The claims which are the subject of these motions all arise out of the following facts and circumstances:
In the fall of 1974 the State University of New York (SUNY) at Stony Brook, Long Island, sent literature to colleges and students throughout the country announcing that it was going to establish a School of Podiatric Medicine (SPM) in its Health Sciences Center late in the summer of 1975, leading to the degree of Doctor of Podiatric Medicine after a four-year course, with an initial class of 24 students. In response to the literature, which solicited applications, several hundred students applied for admission to the school. Twenty-four applicants were accepted between December, 1974 and February, 1975, including the claimants herein, and thereafter, on May 9, 1975, all of them were notified by the Dean of SPM that "all contingencies” as to their acceptance by the school "were removed.” However, on June 4, 1975 the Division of the Budget of the State of New York informed SUNY that the scheduled opening of SPM "has been deferred.” Accordingly, the Dean of SPM notified these accepted applicants that they had to "suspend” their "plans to matriculate at Stony Brook in the coming academic year.”
These claimants then commenced a proceeding pursuant to CPLR article 78 on July 1, 1975 against SUNY et al. for relief in the nature of mandamus to compel them to operate SPM and to permit them to attend the school as matriculated students. On appeal from the dismissal of claimants’ petitions by Special Term of Supreme Court, the Appellate Division, Second Department, reversed the judgment of dismissal, *463 granted the relief sought in the petitions and directed that the claimants be enrolled as students for the 1975-1976 academic year, upon compliance with the originally planned procedure for admissions (49 AD2d 277, supra). In arriving at its decision the Appellate Division stated (supra, p 282): "We now turn to the petitioners’ points, the first of which is their claim of a vested contractual right. We have no doubt that, apart from the question of SUNY’s capacity to contract with the petitioners, its acceptance of the petitioners’ applications satisfies the classic requirements of a contract. Neither the respondents nor the Special Term questioned this. The Special Term, however, overcame this point by saying that 'the state or its agencies may legally abrogate a pre-existing contract when acting in the public interest in the face of a fiscal crisis.’ ” The Appellate Division then determined that the decision to defer opening of SPM was arbitrary and capricious and that there was no rational basis for the State’s conclusion that saving money for future years justified failing to open the school for the 1975-1976 academic year, in the face of existing contracts with the petitioners (claimants). Finally, the Appellate Division determined this to be one of the "truly exceptional cases” in which estoppel against the State is to be applied, and stated as follows (supra, p 284): "We hold that in this case the respondents are estopped from asserting lack of capacity to contract with the petitioners as to the 1975-1976 academic year, because (1) the representations by SUNY, which had been given apparent authority, misled the student applicants and placed them in an extremely dubious position; (2) the alleged basis for the deferment, after unequivocal acceptance, was a false budgetary consideration, for it will not save money for the academic year in question and therefore has no relevant rationale; (3) the injustice to petitioners otherwise resulting would far outweigh the minor effect upon public interest or policy which may result from invoking estoppel; and (4) the precedent set by allowing estoppel is narrow in that it depends upon a considerable combination of governmental actions not likely to recur (cf. City of Long Beach v Mansell, 3 Cal 3d 462, 496-497, 498, supra).” (Emphasis supplied.) An appeal was thereafter taken by the respondents (defendants herein) to the Court of Appeals which automatically stayed the enforcement of the order for the relief granted by the Appellate Division pending the decision of the Court of Appeals. During the pendency of said appeal SPM was abandoned and terminated, thus making it impossible for claim *464 ants to matriculate to SPM at Stony Brook for the 1975-1976 academic year. Thereafter, in November, 1976 the Court of Appeals dismissed the appeal from the Appellate Division because it was never perfected.
The instant claims, after setting forth all of the foregoing, allege that SUNY "thereby breached its obligations to provide claimant of the right to pursue a four year course of study and to obtain a degree of Doctor of Podiatric Medicine.” The claims are all labeled "Claim for Damages For Breach of Contract” and seek awards of variojis sums of money as damages for mental and emotional injury, loss of income, medical expense in some cases, as well as "general damages”, totaling approximately $4,000,000.
It should be noted initially, that while it is alleged in the claims filed herein that the State breached its contractual obligation to provide claimants with a four-year course of study "and to obtain a degree of Doctor of Podiatric Medicine”, the Appellate Division stated at page 284 (supra) of its decision that "We make no decision and express no opinion as to the rights of the petitioners as to any period beyond the 1975-1976 academic year.” The court observes further that by reason of temporary orders of Special Term of the Supreme Court and of the Appellate Division, Second Department, SUNY did afford these claimants the opportunity to attend classes at its Health Sciences Center at Stony Brook for the 1975-1976 academic year, and that these classes were basically the same for entering students at most of the schools in the center (where SPM was to have been established) for the first two years. While certain claimants availed themselves of the opportunity to attend these classes, all of them did not. These factors are to be considered in determining whether the decision of the Appellate Division is controlling in resolving the issues raised by the instant claims and the motions addressed thereto.
There can be no question that the Appellate Division, Second Department, has already determined that the claimants had a contractual right to be enrolled in SPM, and that in denying the claimants that right SUNY acted arbitrarily, illegally and capriciously. In consequence of such a holding the court directed that the claimants be enrolled as students for the 1975-1976 academic year. In reviewing the action taken by SUNY pursuant to the provisions of CPLR article 78 the Appellate Division considered whether the decision not to *465 establish SPM had a rational basis and decided that it did not, and whether SUNY was under a duty enjoined by law requiring it to open and begin the operation of SPM and the court decided that it was. Having thus been granted all the relief that was sought through the vehicle of an article 78 proceeding, claimants now assert their entitlement to money damages based upon the determination made in that proceeding.
In my view, the allegations set forth in each of the claims filed herein furnish no basis for recovery of damages against the State. Since the public officials involved were engaged in the performance of their duties pursuant to their statutory authority and were acting within the framework of their authority and constitutional powers, the State may not be held in damages for a wrongful exercise of their powers. The remedy afforded is a review of the official action of such officials under CPLR article 78 (Jacobson v New York Racing Assn., 41 AD2d 87), which the claimants have already availed themselves of. In dealing with the subject of planning with respect to higher education, the Legislature has involved SUNY, the Board of Regents and the Governor (Education Law, §§ 237, 354, 355). The actions complained of, and out of which the instant claims arise, are purely governmental in character and involve the undertaking of steps which are considered necessary to protect the public interest by pursuing sound fiscal policies. Such decisions obviously call for the exercise of a wide range of discretion, as well as considerations of academic, fiscal, geographic and political aspects on the part of the State officials charged by law with the responsibility of decision. This fact was also recognized by the Appellate Division, Second Department, when it made reference at page 284 (supra) of its decision to "a considerable combination of governmental actions not likely to recur”. (Emphasis supplied.)
It has long been established that, while the State has waived its sovereign immunity for those acts of its agents that are comparable to acts of private individuals or corporations (Court of Claims Act, § 8), such waiver of immunity and assumption of liability has never been extended to redress individual wrongs which may result from an error of judgment by an officer of the State in the performance of his duty involving a function that is intrinsically governmental, sovereign in character, and completely foreign to any activity that is, or could be carried on by a private person (Rottkamp v *466 Young, 21 AD2d 373, affd 15 NY2d 831; Weiss v Fote, 7 NY2d 579; Charles O. Desch, Inc. v State of New York, 50 AD2d 253, 255; Gross v State of New York, 33 AD2d 868; Granger v State of New York, 14 AD2d 645). The court concludes, therefore, that notwithstanding the fact that the State incurred a contractual obligation to enroll the claimants in SPM for the academic year 1975-1976, and that the State acted arbitrarily and capriciously in failing to so enroll the claimants, it may not be held in damages for its action.
Accordingly, it is
Ordered, that the defendant’s motion is granted and the claims are dismissed; and it is further
Ordered, that the claimants’ cross motion be and the same hereby is in all respects denied.