**In the Matter of the Application of LEO'S BUS SERVICE, INC., for Authority to Operate as a Class "B" Motor Carrier.**

No. 14197.

Supreme Court of South Dakota.

Argued Dec. 1, 1983.

Decided Jan. 11, 1984.

Joe Nadenicek, Asst. Atty. Gen., Pierre, for appellee, Public Utilities Com'n of State of S.D.; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

James R. Becker of May, Johnson, Doyle & Becker, P.C., Sioux Falls, for appellant, Jack Rabbit Lines, Inc.

HENDERSON, Justice.

This is a civil appeal taken by appellant Jack Rabbit Lines, Inc. (Jack Rabbit) from a circuit court order affirming a decision of appellee South Dakota Public Utilities Commission (Commission) issuing a Class B Motor Carrier Permit to applicant Ladson and Hansen Charter Service, a partnership. We affirm.

On July 1, 1981, Leo's Bus Service, Inc., applied to Commission seeking an intrastate motor carrier permit. Jack Rabbit and Gray Line of the Black Hills protested and demanded a hearing. A Commission hearing ensued on October 23, 1981, wherein applicant amended its application to make the applicant Melvin L. Ladson and Herbert B. Hansen, d/b/a Ladson and Hansen Charter Service, a partnership. Although a corporate financial statement for Leo's Bus Service, Inc., was used by Ladson in the first application, a separate personal financial statement for Ladson was not submitted for the final amended application.

On January 13, 1982, Commission issued its Report and Order including findings of fact and conclusions of law granting a Class B permit to applicant. Jack Rabbit and Gray Line filed a petition for rehearing which was denied on March 8, 1982. Class B Motor Carrier Permit No. 18066–B was issued for applicant on March 16, 1982. Jack Rabbit appealed to the circuit court wherein judgment in favor of Commission was entered on March 9, 1983. Gray Line is not a party to this appeal.

Leo's Bus Service, Inc., holds one of the oldest permits in continuous operation in South Dakota, and has been operated by Ladson for five and one-half years. Ladson owns this corporate company. The corporation filed a financial statement showing an equity of $82,380.07. The partnership agreement between these two men required Ladson to contribute buses to the partnership. Hansen was required to provide monetary operating capital in exchange for Ladson's buses. Hansen filed a financial statement reflecting a net worth of $1,365,527.30 as of September 1, 1981. Ladson would make monetary contributions to the partnership if necessary. The partnership application referred to these assets.

We are confronted with two issues: (1) Did Commission violate SDCL 1–26–36(1) in failing to obtain a separate financial statement for Ladson, and if so, was the violation reversible error? (2) Was the Commission's action clearly erroneous?

Jack Rabbit asserts and Commission admits Ladson failed to submit a personal financial statement. SDCL 49–28–11(6) requires a "[d]etailed statement showing the assets and liabilities of such applicant [for a Class B permit]."

Leo's Bus Service, Inc., owned by Ladson, as reflected above, did submit a detailed financial statement to Commission as did Hansen. SDCL 1–26–36(1) provides:

The court shall give great weight to the findings made and inferences drawn by an agency on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) In violation of constitutional or statutory provisions[.]

We review a circuit court's ruling on administrative actions using the same standard of review as employed by the circuit court. *Hartpence v. Youth Forestry Camp*, 325 N.W.2d 292 (S.D.1982).[1]

For literal compliance, it would have been preferable for Commission to have obtained a personal financial state-

1. This action transpired prior to the 1983 amendment to SDCL 1–26–36; therefore, we do not address the 1983 amendment at this time.

**230**

ment from Ladson. We hold that the realities of the partnership agreement, Ladson's role in Leo's Bus Service, Inc., and the detailed statement of Hansen made the disclosure herein sufficient for SDCL 49–28–11 purposes. There was substantial compliance. *See In re Refusal of State Bd. of Equalization*, 330 N.W.2d 754 (S.D.1983); *Gridley v. Engelhart*, 322 N.W.2d 3 (S.D. 1982). If an action comes within the intent of a statute, it is within the statute, although by a literal construction it may not be within its letter. *Quebec Bank v. Carroll*, 1 S.D. 1, 44 N.W. 723 (1890). We are unable to conclude that Jack Rabbit had any substantial rights prejudiced as the financial information was adequate. *See* SDCL 1–26–36.

■ Addressing the second issue, Jack Rabbit asserts Commission's findings of fact and conclusions of law were clearly erroneous. A ruling or decision of an administrative agency is upheld unless the decision is clearly erroneous in light of its entire record, that is, we uphold the decision of the agency unless this Court is left with a definite and firm conviction that a mistake has been committed. *Fraser v. Water Rights Comm'n*, 294 N.W.2d 784 (S.D.1980).

The 1981 version of SDCL 49–28–14 provides in pertinent part: [2]

Before granting a permit as a class A or class B motor carrier, the commission shall take into consideration:

(1) The need for the service proposed by the applicant;

(2) The effect on other existing transportation facilities currently serving the territory for which a permit is sought;

(3) The adequacy of the current service; and

(4) The fitness, willingness and ability of the applicant to provide the service to be authorized by the permit and to comply with the requirement of this

chapter as to safety and any rules promulgated thereto.

*The commission shall issue a permit unless it finds on the basis of evidence presented by persons objecting to the issuance of a permit that the transportation to be authorized by the permit is inconsistent with the public convenience and necessity.* The fact that the issuing of a permit would divert revenue or traffic from an existing carrier shall not be the sole reason of the commission for denying a permit. (Emphasis supplied.)

We have examined the testimony, evidence, findings and conclusions entered below and we are unable to conclude Commission's action was improper or clearly erroneous. The dispositive question under the 1981 version of SDCL 49–28–14 is whether or not those objecting to the permit have met their burden of showing "issuance of a permit ... is inconsistent with the public convenience and necessity."

■ We are convinced Commission did properly hear adequate evidence for its consideration of the four underlying factors of SDCL 49–28–14 in reaching its decision. Although current service was found adequate, we note additional buses were needed for large conventions. Applicant testified a need existed for charter transportation of school groups. Jack Rabbit contends it will suffer a price and service erosion due to applicant's proposed lower rates; however, we note Jack Rabbit has not lowered rates to meet Gray Line's rate schedule. We disagree with Jack Rabbit's need analysis. Competent evidence was produced exhibiting a need for additional charter service. We defer to the Commission, the fact finder, in this regard.

We are unable to substitute our judgment for that of an agency as to the weight of the evidence on factual questions unless the agency's decision is affected by an error of law, is clearly erroneous in light of

2. SDCL 49–28–14 was amended in 1981 and 1983. The standard prior to 1981 was if public convenience and necessity *require* the service. The 1981 version of SDCL 49–28–14 as applicable herein provided the less restrictive standard of whether the service would be inconsistent with public convenience and necessity. Our holding is restricted to the 1981 amendment.

the entire record, or one of the other grounds in SDCL 1–26–36 is present. *In re Gannon,* 315 N.W.2d 478 (S.D.1982). On the record before us, we hold Commission properly issued applicant a permit as such action was not inconsistent with public convenience and necessity.

Affirmed.

All the Justices concur.