In the Matter of the CERTIFICATION OF A QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT, DISTRICT OF SOUTH DAKOTA, CENTRAL DIVISION, Pursuant To the Provisions of SDCL 15–24A–1, and Concerning Federal Action Civ. 85–1043, Titled As Follows:

**ST. PAUL RAMSEY MEDICAL CENTER, a Minnesota Hospital, Plaintiff,**

v.

**CODINGTON COUNTY, South Dakota, Defendant.**

No. 15357.

Supreme Court of South Dakota.

Original Proceeding

Argued Nov. 19, 1986.

Decided March 11, 1987.

Steven C. Beardsley, Lynn, Jackson, Shultz & Lebrun, Rapid City, for plaintiff.

Roger W. Ellyson, Watertown, for defendant.

SABERS, Justice.

*Jurisdictional Statement*

This case is before the South Dakota Supreme Court following a request for certification filed by the Honorable Donald J. Porter, Chief Judge, United States District Court, District of South Dakota, Central Division, pursuant to SDCL ch. 15–24A.

QUESTION OF LAW TO BE ANSWERED

Whether an out-of-state hospital can recover from a South Dakota county for emergency medical services provided to an indigent resident of that county where the hospital does not come within the statutory definition of a hospital as set forth in SDCL 28–13–27(1).

## DECISION

The question certified in this case is controlled by our decision in appeal # 15412, St. Paul Ramsey County Medical Center v. Pennington County and Moody County issued today.

CERTIFICATION QUESTION ANSWERED.

WUEST, C.J., HENDERSON, J., and FOSHEIM, Retired Justice, concur.

MORGAN, J., concurs specially.

MILLER, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

MORGAN, Justice (concurring specially).

The question posed by the district court was the qualification of St. Paul Ramsey under the statutory definition of "hospital" as found in SDCL 28–13–27(1): "any hospital in the state of South Dakota, duly licensed by the state department of health, serving the public as such, and providing hospitalization for the sick and injured." St. Paul Ramsey Hospital does not and cannot qualify under that definition, which raises a serious constitutional question in the context of this case. That definition applies to the statutory provisions for non-emergency as well as emergency treatment. In the case before us, the facilities of the St. Paul Ramsey Burn Unit were used because there are no similar facilities available in the state of South Dakota. Medicine has made considerable advances since 1953 when that definition was first adopted. We can take judicial notice that there are types of medical treatment, particularly in the area of organ transplant, that simply are not available in this state. I do not believe that it was the intention of the legislature to deprive anyone of needed specialized treatment or of accepted surgical procedures because they are indigent. I have in mind recent newspaper accounts in the Sioux Falls Argus Leader regarding payment by Minnehaha County of a portion of an indigent's proposed heart-lung transplant operation in a Minneapolis hospital.

In my view, the legislation could be held unconstitutional under the equal protection provisions of the Fourteenth Amendment of the United States Constitution and the equal privileges and immunities clause, article VI, § 18 of the South Dakota Constitution. The requirement that indigent patients be treated only in South Dakota hospitals in order for the hospital to be reimbursed deprives indigents of necessary hospital care which is otherwise available to the wealthy or the insured when such care is available only in out-of-state hospitals. There may be a question of standing for St. Paul Ramsey to raise this issue and the indigents themselves are apparently not parties to the lawsuit. Perhaps the hospital could ask for leave to join the indigents and the district court would then be in a position to rule on the issue.