The **BENEDICTINE SISTERS OF ST. MARY'S HOSPITAL OF PIERRE, South Dakota, a South Dakota nonprofit corporation, Plaintiff and Appellant,**

v.

**HUGHES COUNTY, South Dakota, Defendant and Appellee.**

No. 15681.

Supreme Court of South Dakota.

Considered on Briefs Oct. 9, 1987.
Decided Dec. 16, 1987.

James Robbennolt of Olinger, Srstka, Lovald and Robbennolt, Pierre, for plaintiff and appellant.

Mark W. Barnett, Hughes County State's Atty., and Mark A. Moreno, Hughes County Deputy State's Atty., Pierre, South Dakota and Brad A. Schreiber, Legal Intern, for defendant and appellee.

PER CURIAM

The Benedictine Sisters of St. Mary's Hospital of Pierre, South Dakota, a South Dakota nonprofit corporation (hospital), sought recovery from Hughes County, South Dakota (county) for the costs of providing hospitalization to an indigent person under the provisions of SDCL 28–13–33. The trial court dismissed the complaint and this appeal followed. We affirm.

On March 19, 1984, Stuart Jones (Jones) was admitted to the hospital for treatment of Crohn's disease, an inflammatory bowel disease, with which he had been afflicted for a number of years. On this occasion he had consulted with Dr. Thomas Huber (Huber) on March 13th, at which time they discussed the options available for treatment. Jones decided to think it over and called Huber back on March 15th to tell him that he wanted to go into the hospital the following week for treatment.

Hospital filed a claim with county alleging that Jones was an indigent resident of county who had been provided emergency medical care. County declined to pay and suit followed. There appears to be no issue as to Jones' indigence or residence.

The sole issue is whether the treatment rendered Jones was of an emergency nature, thereby requiring county to reimburse hospital for the costs of treatment.

It is well settled in South Dakota that, 'the obligation to support poor persons results not from the common law, but from statutes providing for their care from public funds.' (citations omitted) 'No liability exists for reimbursement for relief furnished unless there is a statute

authorizing the reimbursement or the relief is furnished pursuant to the request of someone having authority to act.' (citations omitted)

*Sioux Valley Hospital v. Tripp County,* 404 N.W.2d 519, 520 (S.D.1987) *quoting St. Paul Ramsey v. Pennington County,* 402 N.W.2d 340, 342 (S.D.1987).

SDCL ch. 28–13 governs poor relief. Section 16 provides that the county commissioners shall have the oversight and care of the poor. Section 32.1 requires certain filings prior to NON-emergency hospital assistance. Section 33 establishes liability of the county for emergency hospitalization 'as hereinafter expressly provided.'

*Id.* at 521.

SDCL 28–13–27(2) defines emergency case as "hospitalization provided under circumstances certified by a duly licensed physician as necessitating *immediate hospital care and attention.*" (emphasis added). Testimony in the record from Huber and from Dr. Dean Borth, a consulting surgeon, clearly demonstrated that the admission did not fall within the parameters of an emergency case.

This court has always strictly construed the emergency care statutes. Under the statutory scheme there is provision for assistance in a non-emergency situation, such as appears to have been the case with Jones. Non-emergency assistance requires prior application. SDCL 28–13–32.1. Unfortunately that procedure was not followed.

We affirm the decision of the trial court.

MILLER, J., disqualifed.