Robert J. BRANDL,

v.

BROOKINGS COUNTY, South Dakota,

No. 16169.

Supreme Court of South Dakota.

Argued Nov. 29, 1988.

Decided May 10, 1989.

Bill Froke, East River Legal Services, Sioux Falls, for petitioner and appellant.

Wm. Mark Kratochvil, Brookings County Deputy State's Atty., Brookings, for respondent and appellee.

WUEST, Chief Justice.

Robert J. Brandl (Brandl) appeals a circuit court judgment denying his application for county poor relief assistance. We affirm.

Brandl is a resident of Brookings County, South Dakota (County). On June 28, 1984, Brandl's minor son, Mark, sustained a severe injury to his right eye when another boy discharged a pellet gun. Mark initially was treated at the Brookings Hospital emergency room. Upon the recommendation of the attending physician, Mark was transported to the University of Minnesota Hospital (Hospital). The expenses of Mark's hospitalization and treatment totaled $12,336.44.

At the time of Mark's eye injury, Brandl was sixty-nine years of age. He was divorced and had physical custody of his two minor sons, Mark and Greg, under a joint custody agreement. Brandl's monthly income totaled $1397, consisting of $937 from social security[1] and $460 from a part-time custodian job.[2] Brandl carried no medical insurance coverage.

Shortly after Mark's injury, Brandl applied for county poor relief assistance to pay for the hospitalization and treatment costs. The County denied Brandl's application and he appealed its decision to the circuit court. The circuit court affirmed the County's decision. Brandl now appeals to this court, claiming his application for county poor relief assistance triggered a duty on the part of the County to pay for Mark's hospitalization and medical treatment.

Recently, this court has had ample opportunity to discuss a county's liability under the statutory scheme for reimbursement of medical expenses for indigent residents. We repeatedly have stated:

It is well settled in South Dakota that, "the obligation to support poor persons results not from the common law, but from statutes providing for their care from public funds." (Citations omitted). "No liability exists for reimbursement for relief furnished unless there is a statute authorizing the reimbursement or the relief is furnished pursuant to the request of someone having authority to act." (Citations omitted).

*Benedictine Sisters etc. v. Hughes County*, 416 N.W.2d 605, 605–06 (S.D.1987); *Sioux Valley Hosp. Ass'n v. Tripp County*, 404 N.W.2d 519, 520 (S.D.1987); *St. Paul Ramsey v. Pennington County*, 402 N.W.2d 340, 342 (S.D.1987). *See also Sioux Valley Hosp. Ass'n. v. Mies*, 422 N.W.2d 414 (S.D.1988). Accordingly, any decision by this court to impose liability upon the County must be based upon the applicable statutes.

A county's liability for the hospitalization of its indigent residents arises by virtue of SDCL ch. 28–13. *See* SDCL 28–13–1; *Jerauld County v. Saint Paul–Mercury Indemnity Co.*, 76 S.D. 1, 71 N.W.2d 571 (1955). It is important to note that the South Dakota Legislature amended SDCL ch. 28–13 in 1988 by repealing or revising several sections contained therein. Because the present case arose before the effective date of these recent statutory revisions and because the legislative acts do not clearly express an intent to operate retroactively, we apply the statutory provisions of SDCL ch. 28–13 as they read before amendment. *See Matter of Adams*, 329 N.W.2d 882 (S.D.1983). We make no determination as to whether the present case would be resolved similarly in light of the 1988 amendments.

Prior to the 1988 statutory revisions, an indigent person, or someone acting on his behalf, had to apply for county poor relief assistance prior to hospitalization in nonemergency cases.[3] SDCL 28–13–32.1; *Benedictine Sisters*, 416 N.W.2d at 606. The purpose of prior application in such

---

1. Of this monthly social security payment, $488 was attributable to Brandl's children. This monthly payment was reduced by $244 in February, 1985, when Mark moved to Omaha, Nebraska, to live with his mother. That amount of the social security payment was then directed to Brandl's ex-wife.

2. Brandl was retired from this job in June, 1985.

3. A "nonemergency case" was defined as "hospitalization which is recommended by a duly licensed physician but does not require immediate care or attention." SDCL 28–13–27(4).

cases was to provide an opportunity for the county to ascertain whether the patient was indigent as well as the means by which to provide the hospitalization, medical care and treatment. See *Jerauld County*, 76 S.D. at 6, 71 N.W.2d at 574. Cases in which *immediate* hospital care and attention were necessary, however, were a different matter. These cases were defined under SDCL 28–13–27(2) as "emergency cases." Prior application was not required in emergency cases since "this might hinder the delivery of emergency hospital services to the indigent." *Sioux Valley Hosp. Ass'n v. Jones County*, 309 N.W.2d 835, 837 (S.D.1981). Whenever hospitalization for an indigent patient was provided in an emergency case, the county in which the patient resided became liable to the hospital for the actual cost of the emergency care. SDCL 28–13–33; *Sioux Valley Hosp. Ass'n v. Davison County*, 298 N.W. 2d 85, 87 (S.D.1980). The county, however, incurred no liability unless the hospital, pursuant to SDCL 28–13–34,[4] furnished said county with notice of the indigent patient's hospitalization. *Tripp County*, 404 N.W.2d at 520–21; *Jones County*, 309 N.W.2d at 837. Such notice was required to be given within fifteen days of the patient's being admitted to the hospital. SDCL 28–13–34. *See also Tripp County*, 404 N.W.2d at 520–21. This court has always strictly construed emergency care statutes. *Benedictine Sisters*, 416 N.W.2d at 606.

The facts of the present case indicate that this was an emergency case "necessi-

tating immediate hospital care and attention" under SDCL 28–13–27. Because this was an emergency case, the County's liability, if any, arose toward the Hospital alone. Consequently, only the Hospital could have applied to the County for reimbursement for the cost of Mark's hospitalization. The Hospital not only failed to apply for county poor relief assistance on behalf of Mark, but also failed to furnish the county with notice of hospitalization pursuant to SDCL 28–13–34 and to file with the secretary of health a statement of actual costs required by SDCL 28–13–28.[5] The Hospital's failure to comply with the emergency care statutes leads us to conclude that the County incurred no liability for the costs of Mark's hospitalization.[6]

We additionally note that Brandl attempted to utilize the nonemergency procedure to obtain reimbursement from the County to himself. This was clearly wrong. The pertinent statute, SDCL 28–13–32.1, as previously stated, provided that an indigent person, or someone acting on his behalf, had to apply *prior* to hospitalization. *See Benedictine Sisters*, 416 N.W. 2d at 606.

In view of our holding that Brandl's application for county poor relief assistance was properly denied, we need not consider his other contentions. The judgment of the circuit court is affirmed.

MORGAN, HENDERSON and MILLER, JJ., concur.

SABERS, J., concurs in result.

---

**4.** SDCL 28–13–34 provided:

In any case where emergency hospitalization to an indigent person is furnished, there shall be no liability on any county for the hospitalization unless within fifteen days from admittance of the indigent person, notice of hospitalization bearing the name of the attending physician and the information required to be contained in the application referred to in § 28–13–32.1 is filed with the auditor of the county.

**5.** The 1988 amendments to SDCL ch. 28–13 did not affect SDCL 28–13–28. This statute provides, in pertinent part:

No hospital may avail itself of the provisions of §§ 28–13–27 to 28–13–36, inclusive, as to hospitalization of any indigent person unless such hospital has, at least thirty days prior to

such hospitalization, filed with the secretary of health a detailed statement, ... computing and showing the actual cost to such hospital of quarters, board and hospital services furnished to patients, with each item of such cost shown. The statement shall be filed with the secretary of health at least once in every year....

**6.** Our holding that the County was not liable for the cost of Mark's hospitalization does not imply that it would have been liable if the Hospital had complied with the pertinent statutory provisions. We have previously stated that an out-of-state hospital does not fall within the definition of a "hospital" as that term was defined in SDCL 28–13–27(1). *See St. Paul Ramsey*, 402 N.W.2d at 343–44.

SABERS, Justice (concurring in result).

I believe that the majority's interpretation of SDCL 28–13–32.1 and SDCL 28–13–34 is far too strict. An indigent person or someone on his behalf may apply for non-emergency relief under SDCL 28–13–32.1 prior to the time the care is provided *or* as soon thereafter as possible eligibility is contemplated. *See* footnote 2 of *St. Paul Ramsey v. Pennington County*, 402 N.W. 2d 340, 344 (S.D.1987), wherein we stated,

> Under existing South Dakota law, an indigent (or someone on her behalf) could apply to the board of county commissioners for relief assistance for herself, (as opposed to the hospital seeking reimbursement), under SDCL 28–13–32.1. *Cf.* 84–10 Op.Att'y Gen. 130 (1984).

Similarly, SDCL 28–13–34 should not be interpreted to permit only the hospital to make an application in emergency situations. SDCL 28–13–34 simply requires "notice of hospitalization bearing the name of the attending physician and the information required to be contained in the application referred to in § 28–13–32.1...." There is no language in the statute requiring the hospital to give notice. Instead, the statute should be interpreted to permit either an indigent or the hospital to make an application for emergency relief.

The majority's strict interpretation is contrary to the letter and the spirit of SDCL 28–13–32.1 and SDCL 28–13–34, and the county poor relief statutes under SDCL ch. 28–13. However, I concur in result because the County properly considered and rejected this application based on the facts and circumstances available to them at the time of the application.