**SIOUX VALLEY HOSPITAL ASSOCIATION, a charitable corporation, Plaintiff and Appellant,**

v.

**YANKTON COUNTY, South Dakota, (Mary Ann Sivertson), Defendant and Appellee.**

No. 15979.

Supreme Court of South Dakota.

Considered on Briefs April 25, 1988.

Decided June 8, 1988.

Thomas M. Frankman of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Craig A. Kennedy, Yankton County State's Atty., Yankton, for defendant and appellee.

Robert R. Nelson and John T. Porter of Bierle & Porter, Yankton, for South Dakota Hosp. Ass'n, amicus curiae.

HENDERSON, Justice.

## PROCEDURAL HISTORY/ISSUES

Plaintiff Sioux Valley Hospital Association (Hospital) initiated an action to recover from defendant, Yankton County (County), payment for emergency hospitalization services rendered to an alleged indigent, Mary Ann Sivertson. A motion for summary judgment in favor of County was granted below, on the grounds that a County relief application form containing information required by statute was not filed with the County Auditor within fifteen days of admission. Hospital appeals, contending trial court error as follows:

1) The Hospital is not required to file such an application within fifteen days of the patient's emergency admittance;

2) SDCL 28–13–34 only requires the Hospital to provide limited specified information within the statutory time period;

3) The Hospital may not be denied payment for services rendered the indigent for failure to provide the County with financial information when the alleged indigent refuses to give that information; and

4) The County application form requires more information than the legislature contemplated regarding notice of emergency treatment.

Our decision hinges on statutory interpretation. We hold the pertinent statutes do not authorize the County to mandate filing of an application containing detailed financial data from the patient within fifteen days of admission. Accordingly, we reverse, treating Issues I, II, and IV together but not reaching Issue III.

## FACTS

On December 14, 1986, Mary Ann Sivertson was admitted to the Hospital for emergency treatment. She was discharged on December 17, 1986. The Hospital sent a form (designed by the Hospital, not the County) to the County Auditor, who filed the form on December 19, 1986. This form, entitled "Notice of Admission and Application of Eligibility for Assistance," listed: (1) the attending physician; (2) the nature of the illness (heart disease); (3) anticipated services required; (4) the location where services were provided (Coronary Care Unit); and (5) estimated cost ($6,000) of the services given.

The County, in turn, then sent Hospital a form titled "Application for General Relief." This form required an applicant (apparently the patient) to provide detailed information regarding personal and financial matters, including all forms of income, execution of "any undelivered or unrecorded deeds to property," employment history, military service and type of discharge, etc. The application was a general form used for requests for relief regarding rent, food, medical assistance, utility bills, and "other" forms of assistance.

The Hospital staff contacted Sivertson by telephone in an attempt to get the necessary information, but Sivertson refused to cooperate. The County form was not filed within fifteen days, and the County refused to reimburse the Hospital for the services provided, as County argued that filing its application form within fifteen days of a patient's emergency admission was required by law.

The circuit court agreed with the County's interpretation of the statutes.

## DECISION

■ This case is resolved by statutory interpretation. Relevant statutes are:

SDCL 28-13-33:

**County liability for *emergency* hospitalization of indigent persons at approved rates—Remedies for recovery of expense by county.** Subject to the provisions of §§ 28-13-28 to 28-13-32, inclusive, and *except as hereinafter expressly provided,* whenever hospitalization for an indigent person has been furnished by a hospital in any emergency case, *the county where the indigent person has established residency shall be liable to the hospital* as herein provided, and shall have the same remedies for the recovery of such expense as are provided by statute for the recovery of money expended for the relief and support of poor and indigent persons. (Emphasis added.)

SDCL 28-13-34:

**Notice to county after *emergency* hospitalization of indigent person.** In any case where emergency hospitalization to an indigent person is furnished, *there shall be no liability on any county for the hospitalization unless within fifteen days from admittance of the indigent person, notice of hospitalization bearing the name of the attending physician and the information required to be contained in the application* referred to in § 28-13-32.1 *is filed with the auditor of the county.* (Emphasis added.)

SDCL 28-13-32.1:

*Nonemergency* **hospitalization assistance—Application rendered—Time for filing—Approval, rejection or modification.** In order *for a person to be entitled to poor relief assistance in nonemergency cases,* as defined in § 28-13-27, *he must make or there must be made, on his behalf, an application to the board of county commissioners....* The board of county commissioners may approve, reject or modify any application for poor relief. (Emphasis added.)

SDCL 28-13-32.2:

*Nonemergency* **hospitalization assistance—Contents of application.** *The application required in § 28-13-32.1*

shall include, but is not limited to, *the following:*

(1) *Nature and degree of severity of the illness;*

(2) *Anticipated diagnostic or therapeutic services required, the location the services are to be provided, and estimated cost of services based on the information available* at the time of the application. (Emphasis added.)

In *Sioux Valley Hosp. Ass'n v. Bryan,* 399 N.W.2d 352 (S.D.1987), this Court noted:

Every county has a duty to relieve and support poor and indigent persons who reside within its boundaries. SDCL 28-13-1. This obligation emanates from the statutes and not from common law. There exists a specific duty on the counties to provide hospitalization, medical care, and treatment for poor persons. SDCL 28-13-27. Hospitals admitting indigents may be reimbursed for expenses by the indigent's county of residence, if the hospital complies with two procedural requirements set out in SDCL ch. 28-13.

First, a hospital must file a Statement of Reimbursement Costs.... Second, *a hospital admitting an indigent under emergency circumstances must file notice* with the indigent's county of residence *within 15 days of the admittance.* SDCL 28-13-34.

*Id.* at 354 (citations omitted; emphasis supplied). Here, the Hospital did file such a notice within fifteen days. The first requirement, a statement of reimbursement costs, is not at issue here.

Reference to the above statutes makes it clear that Hospital must supply the County with a *notice* of hospitalization "bearing the name of the attending physician *and* the information *required* to be contained in the application referred to in § 28-13-32.1 is filed with the auditor of the county." SDCL 28-13-34. The information *required* on the application referenced in SDCL 28-13-32.1 (and thus in the notice) is contained in SDCL 28-13-32.2:

(1) Nature and degree of severity of the illness;

(2) Anticipated diagnostic or therapeutic services required, the location the services are to be provided, and estimated cost of services based on the information available at the time of the application.

SDCL 28-13-32.2, in its short preamble, contains the words "shall include." While the information on the application is "not limited to" that specified in SDCL 28-13-32.2(1) and (2), only the specified items (essentially data readily available to the Hospital) are *required* by statute. Therefore, the County's form clearly exceeds the statutory requirements. As Hospital provided the County Auditor with the information required by statute, within the fifteen-day deadline, we hold the circuit court erred in granting summary judgment. The County cannot escape liability solely because extensive biographical and financial information it finds helpful is not provided within fifteen days. The Hospital must, by statute, provide notice, not a fully detailed application form. In emergency cases, the statutes require provision of notice; filing an "application" is mandated only in non-emergency cases.

██ This Court will not liberally construe a statute to avoid a seemingly harsh result where such action would do violence to the plain meaning of the statute under construction. *St. Paul Ramsey Medical Center v. Pennington County*, 402 N.W.2d 340, 343 (S.D.1987). Here, we are avoiding a harsh result by giving plain meaning to the statutes. As there is no statutory authority for the County to expand the notice requirements regarding emergency hospitalization into a requirement for filing a detailed application form, the circuit court's summary judgment is reversed.

All the Justices concur.