**In the Matter of the Appeal of PRESENTATION SISTERS, INCORPORATED, d/b/a McKennan Hospital, a Charitable Corporation.**

**In the Matter of the Appeal of PRESENTATION SISTERS, INCORPORATED, d/b/a St. Joseph Hospital, a Charitable Corporation.**

Nos. 17151, 17152.

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 1991.

Decided May 29, 1991.

Rehearing Denied June 25, 1991 in No. 17151.

---

**3.** Although Count II charged that Boykin committed felony-murder under SDCL 22–16–4, it alleged Boykin committed the act "without any design to effect death." SDCL 22–16–4 does not require proof of that element.

Dennis Groff, Rapid City, for appellant Pennington County.

David Bradsky, Rapid City, for appellees McKennan Hosp. and St. Joseph Hosp.

PER CURIAM.

The Pennington County Board of County Commissioners (Commissioner) unanimously rejected St. Joseph's Hospital of Mitchell (St. Joseph) and McKennan Hospital of Sioux Falls (McKennan) requests for reimbursement for the emergency hospitalization of indigent Duane H. Ehresmann (Ehresmann). The circuit court granted St. Joseph and McKennan's motions for summary judgment, holding that since each hospital substantially complied with the notice requirements of SDCL 28–13–34.1 Pennington County was liable for the cost of Ehresmann's hospitalization. At issue is the adequacy of the notices. We hold that each notice did not strictly comply with SDCL 28–13–34.1 and therefore reverse.

## FACTS

Ehresmann is an indigent resident of Pennington County. He was admitted to St. Joseph on June 22, 1988, for the treatment of an acute cerebral vascular accident (a stroke). Pursuant to SDCL 28–13–34.1 St. Joseph mailed the following "Notice of Hospitalization" to the Pennington County auditor on June 27, 1988:

## NOTICE OF HOSPITALIZATION

Pursuant to SDCL 28-13, this notice must be mailed to the County Auditor within fifteen (15) days in case of an emergency admission or within seven (7) days in the case of a non-emergency admission.
Hospital herewith provides you notice of hospitalization of the following patient:

Patient Name: ___Duane Ehresmann___ Adm Date: __6/22/88__

Last Known Address: 125 Denver, Lot 16   Rapid City, SD

If the Patient is a Minor or Under a Guardianship,
Patient's Guardian: _____

Address of Patient's Guardian: _____

Name and Address of Responsible Party, if known: _____

Attending Physician: ___Dr. L. Margallo___

Nature and Degree of Severity of Illness: Cerebral Vascular Accident

Anticipated Diagnostic or Therapeutic Services:

Location of Services: __St. Joseph Hospital__

Estimated Cost of Services: __$7500.00__

Dated at __Mitchell__, South Dakota this 27 day of __June__ 19 88.

__St. Joseph__ Hospital     By: _Deborah Q. Kaufman_

### CERTIFICATE OF SERVICE

I, __Deb Kaufman__ of __St. Joseph__ Hospital, hereby certify that I mailed the original of this Notice of Hospitalization to the Pennington County Auditor's office on the __27__ day of __June__, 19 88, in a sealed envelope with first class postage theron fully prepaid, and addressed as follows:

> Pennington County Commissioners
> Courthouse
> Rapid City, SD  57701

Dated at ___Mitchell South Dakota this __27 day of __June__, 19 88.

_Deborah Q. Kaufman_

The form for this notice originated from the South Dakota Hospital Association. The information about Ehresmann on the form was taken from the admitting form compiled by the admitting clerk and the census report provided by the nursing supervisor. The person who prepared the notice of hospitalization purposely left the space after "Anticipated Diagnostic or Therapeutic Services" blank assuming that the hospital would do everything possible to stabilize Ehresmann. She normally did not fill in this blank.

On July 6, 1988, Ehresmann was admitted to McKennan's rehabilitation center for an intensive in-patient rehabilitation program to treat his right side paralysis, severe speech impairment, and severe asphasia. He was discharged from McKennan on August 30, 1988.

In accordance with SDCL 28–13–34.1, *supra*, McKennan sent the Pennington County auditor this "Notice of Hospitalization" on July 13, 1988:

# McKennan Hospital

(605)339-8000

800 E. 21st Street, Sioux Falls, South Dakota 57101

July 13, 1988

County Auditor
Pennington County Court House
Rapid City, SD   57701

GREETING:

NOTICE is given to the Auditor of _____ Pennington ____County, pursuant to the provisions of SDCL 28-13, as from time to time amended.

____Duane H. Ehresmann   Rapid City____, a resident of ____Pennington____ County was admitted for emergency hospitalization on _____ 7-6 , 19 88.

THE attending physican for the patient is _____ Dr. Dong Cho _____.

THE nature and degree of severity of the illness, to the best knowledge of the hospital, is __ L   CVA   rehab. _____.

THE anticipated types of diagnostic or therapeutic services required are___ medical ____.

THE location the services are to be provided is MCKENNAN HOSPITAL, SIOUX FALLS, SD.

THE estimated cost of services, based on the information available at the present time is _____ $5,000.00   (Five thousand dollars) _____.

MCKENNAN HOSPITAL has filed with the Secretary of the Department of Health its Hospital Statement of Reimbursable Cost, as required by law.

WILL you please provide us with the appropriate voucher or warrant for our use in submitting the statement for hospital costs in this matter as provided by our Statement of Reimbursable Cost.

D.O.B. _____ 9-19-55 _____

Guarantor _____ Self _____

Other Insurance _____

3329778

Respectfully yours,

Daniel Texley
Credit Office

————————— Presentation Health System — Caring for You Since 1901 —————————

PACE Shared Services          Brady Memorial Home          Holy Rosary Hospital
Sioux Falls, South Dakota     Mitchell, South Dakota       Miles City, Montana

McKennan Hospital            St. Mary Joseph Manor         St. Joseph Hospital          St. Luke's Hospital
Sioux Falls, South Dakota    Mitchell, South Dakota        Mitchell, South Dakota       Aberdeen, South Dakota

**McKENNAN   HOSPITAL — EXHIBIT "A"**

This notice was compiled from forms prepared by doctors and nurses. The compiler did not, however, discuss Ehresmann's case with his physician. The cost estimate was thought to be an adequate estimate at the time the notice form was completed.

The commission denied each hospital's request for reimbursement. Because St. Joseph's notice did not delineate the anticipated diagnostic or therapeutic services Ehresmann might require, the commission believed it could not make a determination about Ehresmann's course of treatment. Likewise, the commission believed McKennan's notice of hospitalization did not specify the anticipated diagnostic or therapeutic services and did not provide a bona fide estimate of the cost of the services.

The circuit court reversed, holding that each notice substantially complied with the requirements of SDCL 28–13–34.1. It awarded St. Joseph $9,944.32 plus $2,588.10 in prejudgment interest. It awarded McKennan $20,257.49 plus prejudgment interest.

### ISSUE

WHETHER THE NOTICES PROVIDED BY ST. JOSEPH AND MCKENNAN COMPLY WITH THE NOTICE OF HOSPITALIZATION REQUIREMENTS OF SDCL 28–13–34.1.

In both appeals there is no dispute that Ehresmann is indigent and that his hospitalization in each hospital was on an emergency basis. There is also no dispute that each hospital sent Pennington County a notice of emergency hospitalization within the 15 day requirement of SDCL 28–13–34.1. The question is whether the contents of the notice of hospitalization complied with the requirements of SDCL 28–13–34.1.

■ Every county has a duty to support indigents residing within its boundaries. SDCL 28–13–1. This duty flows from statute, not from the common law. *Sioux Valley Hospital Ass'n v. Bryan*, 399 N.W.2d 352 (S.D.1987). In South Dakota, counties have a specific duty to provide hospitalization, medical care, and treatment for poor persons. *Id.*, SDCL 28–13–27, *Jerauld County v. Saint Paul–Mercury Indemnity Co.*, 76 S.D. 1, 71 N.W.2d 571 (1955). Since the expenditure of public funds is involved this court has strictly construed the statutes dealing with the reimbursement of expenses for indigent emergency care. *Sioux Val. Hospital Ass'n v. Davison County*, 298 N.W.2d 85 (S.D.1980); *In Re Certification of Question of Law*, 402 N.W.2d 340, 344 (S.D.1987), Morgan, J., concurring specially ("I agree with the strict interpretation of the statutory scheme for reimbursement of expenses for emergency care of the indigents as evidenced by the earlier cases cited in the majority opinion."); 87–26 Op. Att'y Gen. 68, 70 (1987) ("That these statutes will be *strictly* construed is apparent"); *But see Sioux Valley Hosp. Ass'n v.*

*Tripp County*, 404 N.W.2d 519, 523 (S.D.1987), Sabers, J., dissenting and applying a "substantial compliance" standard.

■ Hospitals admitting indigents may be reimbursed for expenses by the indigent's county of residence, if the hospital complies with the procedural requirements set forth in SDCL ch. 28–13. *Bryan, supra.* One of these requirements is that the hospital must provide the county with a notice of emergency hospitalization containing, at the time of this action, seven statutory elements: 1) the name and last known address of the patient or the patient's guardian; 2) the name and address of the responsible party, if known; 3) the name of the attending physician; 4) the nature and degree of severity of the illness; 5) the anticipated diagnostic or therapeutic services required; 6) the location the services are to be provided; and, 7) the estimated cost of the services. SDCL 28–13–34.1. The purpose of this notice of emergency hospitalization is to put the county on notice that one of its indigent residents is in the hospital, that the hospital intends to seek payment from the county for its services, and that the county has the option of obtaining alternate arrangements for hospitalization pursuant to SDCL 28–13–35. *Tripp County, supra*, Sabers, J., dissenting.

This court has not construed the notice requirements of SDCL 28–13–34.1. It has discussed its precursor in *Sioux Valley Hosp. Ass'n v. Yankton Cty.*, 424 N.W.2d 379 (S.D.1988). In that case, the hospital provided the county with the statutorily required information about the indigent. The county, in turn, sent the hospital a form seeking detailed information about the indigent's personal and financial matters. This court held that the hospital was only required to provide the statutory information within 15 days:

Reference to the above statutes make it clear that Hospital must supply the County with a *notice* of hospitalization "bearing the name of the attending physician *and* the information *required* to be contained in the application referred to in § 28–13–32.1 is filed with the audi-

tor of the county." SDCL 28–13–34. The information *required* on the application referenced in SDCL 28–13–32.1 (and thus in the notice) is contained in SDCL 28–13–32.2:

> (1) Nature and degree of severity of the illness;
>
> (2) Anticipated diagnostic or therapeutic services required, the location the services are to be provided, and estimated cost of services based on the information available at the time of the application.

SDCL 28–13–32.2, in its short preamble, contains the words "shall include." While the information on the application is "not limited to" that specified in SDCL 28–13–32.2(1) and (2), only the specified items (essentially data readily available to the Hospital) are *required* by statute. Therefore, the County's form clearly exceeds the statutory requirements. As Hospital provided the County Auditor with the information required by statute, within the fifteen day deadline, we hold the circuit court erred in granting summary judgment. The County cannot escape liability solely because extensive biographical and financial information it finds helpful is not provided within fifteen days. The Hospital must, by statute, provide notice, not a fully detailed application form. In emergency cases, the statutes require provision of notice; filing an "application" is mandated only in non-emergency cases. (emphasis original).

*Id.*, 424 N.W.2d at 381, 382.

Thus we have made it clear that while a hospital need not provide extensive information beyond the statute, it is required to provide the information required by the notice statute. This interpretation is consistent with this court's strict construction of the poor relief statutes, *supra*, the general rule that a statutorily prescribed method for the form of notice must be strictly complied with, *Stark v. Munce Bros. Transfer & Storage*, 461 N.W.2d 587 (S.D.1990); and the rule that use of the word "shall" in a statute indicates a mandatory action. *Matter of Groseth Intern., Inc.*, 442 N.W.2d 229 (S.D.1989).

■ In both cases on appeal the notices do not strictly comply with SDCL 28–13–34.1. The notice from St. Joseph made no mention at all of the anticipated diagnostic or therapeutic services Ehresmann required. The hospital's credit collection manager as a matter of course always omitted this information in notices. McKennan routinely, and in Ehresmann's case, told the county that it would provide "medical" diagnostic or therapeutic services. Its notice also did not advise Pennington County of the specific nature of Ehresmann's illness and the cost estimate given was one-fourth the actual cost.

The notices provided certainly inform the county that an indigent was receiving emergency hospitalization and that the hospital would seek payment. However, by not apprising the county of the nature and severity of Ehresmann's illness or the anticipated diagnostic or therapeutic services required with more specificity county lacks the information to determine whether alternate care would be appropriate in this case. This defeats one of the major purposes for having the hospital provide the county with a notice containing specific information.

■ Accordingly, we reverse. We recognize that this decision may create a harsh financial result. This court, however, will not liberally construe a statute to avoid a seemingly harsh result where such action would do violence to the plain meaning of the statute under construction. *In Re Certification of Questions of Law, supra*. And, each hospital has the expertise to provide counties with the information the notice statute requires. If not, the legislature may be their remedial source.

Because of our decision, we need not reach the other issue raised on appeal.

Reversed.

MILLER, C.J., WUEST and HENDERSON, JJ., and HERTZ, Acting J., participating.

SABERS, J., disqualified.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted did not participate.