ST. MARY'S HEALTHCARE CENTER OF PIERRE, South Dakota, Plaintiff and Appellant,

v.

HUGHES COUNTY, South Dakota, (Dorothy Dean), Defendant and Appellee.

ST. MARY'S HEALTHCARE CENTER OF PIERRE, South Dakota, Plaintiff and Appellant,

v.

HUGHES COUNTY, South Dakota, (Loretta Runge), Defendant and Appellee.

Nos. 18943, 18944.

Supreme Court of South Dakota.

Considered on Briefs April 27, 1995.

Decided Aug. 30, 1995.

James C. Robbennolt of Olinger, Lovald, Robbennolt & McCahren, Pierre, for plaintiff and appellant.

Mark Smith, Hughes County State's Attorney, Kari Nordstrom, Hughes County Deputy State's Attorney, Pierre, for defendant and appellee.

KONENKAMP, Justice.

St. Mary's Healthcare Center (Hospital) appeals two trial court judgments denying two separate claims against Hughes County, South Dakota (County) for reimbursement

for services provided to indigent patients. We affirm.

## FACTS

SDCL Ch. 28–13, entitled County Poor Relief, outlines statutory procedures hospitals must follow to obtain reimbursement from counties for medical care and services provided to indigent county residents. Within that statutory scheme, SDCL 28–13–34.1 (the "statute") provides:

> If hospitalization is furnished to an indigent person, the county is not liable for the cost of such hospitalization unless, within fifteen days in the case of an emergency admission or within seven days in the case of a nonemergency admission, notice of such hospitalization is mailed to the auditor of the county. The notice shall contain:
>
> (1) The name and last known address of the patient or the patient's guardian;
>
> (2) The name and address of the responsible party, if known;
>
> (3) The name of the attending physician;
>
> (4) *The nature and degree of severity of the illness;*
>
> (5) The anticipated diagnostic or therapeutic services required;
>
> (6) The location the services are to be provided;
>
> (7) *The estimated cost of the services;* and
>
> (8) A statement that the hospital has inquired of the patient or the responsible party, if known, as to whether the patient is a veteran or is potentially eligible for Indian health service benefits and the information received in response to such inquiry.

(Emphasis added.)

Loretta Runge, a resident of the County, was admitted to the Hospital on November 11, 1992. Pursuant to SDCL 28–13–34.1, notice of her hospitalization was sent to the County Auditor on November 18, 1992. The notice listed the nature and severity of Ms. Runge's illness as a "possible bowel obstruction." The notice also indicated the anticipated diagnostic or therapeutic services were "lab, tests, medications, possible surgery." The estimated cost for these services was $12,000.

Similarly, Dorothy Dean, also a resident of the County, was admitted to the Hospital on November 20, 1992. The statutorily required notice of her hospitalization was sent to the County Auditor on November 23, 1992. This notice regarding Ms. Dean also listed the nature and severity of her illness as a "bowel obstruction." As with Ms. Runge, the notice indicated the anticipated diagnostic or therapeutic services for Ms. Dean were "lab, tests, medications, possible surgery," with estimated costs of $10,000.00.

Hospital subsequently sought reimbursement from County for $32,490.81 for medical services provided to Ms. Runge and $24,661.31 for medical services provided to Ms. Dean. County denied both claims for noncompliance with the notice provisions of SDCL 28–13–34.1 and Hospital sought relief in circuit court. Due to the identical issues involved, the Runge and Dean cases were consolidated and tried on August 24, 1994. The trial court entered its findings of fact, conclusions of law and judgment in both cases on September 7, 1994. The trial court determined that Hospital's notices failed to strictly comply with the requirements of the statute because neither notice described the degree of severity of the illness nor satisfied the requirements for an estimate of costs. Both of Hospital's claims for reimbursement were denied. Hospital appeals.

## ISSUE

DID HOSPITAL'S NOTICES COMPLY WITH THE NOTICE OF HOSPITALIZATION REQUIREMENTS OF SDCL 28–13–34.1?

■ The analysis of this case is controlled by our decision in *Appeal of Presentation Sisters, Inc.,* 471 N.W.2d 169 (S.D.1991). In *Presentation Sisters,* we held that strict compliance with the notice requirements of SDCL 28–13–34.1 is mandatory if a hospital is to recover any of its costs under SDCL Ch. 28–13, rejecting the hospital's contention that substantial compliance was all that is required. Since every county has a statutory duty to provide hospitalization, medical care, and treatment for poor persons, and "[s]ince the expenditure of public funds is involved

this court has strictly construed the statutes dealing with the reimbursement of expenses for indigent emergency care." *Id.* at 174 (citations omitted).

> [W]e have made it clear that while a hospital need not provide extensive information beyond the statute [i.e., SDCL 28–13–34.1], *it is required to provide the information required by the notice statute.* This interpretation is consistent with this court's strict construction of the poor relief statutes, the general rule that a statutorily prescribed method for the form of notice must be strictly complied with, and the rule that use of the word "shall" in a statute indicates a mandatory action.

*Id.* at 175 (citations omitted; brackets and emphasis added). Thus, in order for a hospital to obtain reimbursement from a county for services provided to an indigent resident, *strict* adherence to the notice requirements of SDCL 28–13–34.1 is required.

In *Presentation Sisters,* we reviewed the notices provided by two hospitals regarding a patient. The first of those notices listed the nature and degree of severity of illness as "cerebral vascular accident," did not list anything under anticipated diagnostic or therapeutic services, and estimated the cost of services to be $7,500. The second notice listed the nature and degree of severity of illness as "L CVA rehab," the anticipated services as simply "medical," and estimated the cost at $5,000. We held that both notices failed to strictly comply with SDCL 28–13–34.1, and observed that the first notice "made no mention at all of the anticipated diagnostic or therapeutic services [the patient] required.... Its notice also did not advise [the county] of the specific nature of [the patient's] illness and the cost estimate given was one-fourth the actual cost." *Id.* at 175.

■ In holding the hospital's notices were inadequate, we did not focus solely on the failure of the hospital in that case to list anything on one of the blanks; we looked to the substantive nature of the information provided to the county. Failure to use adequate specificity when apprising the county of the nature and severity of an indigent's illness or the anticipated diagnostic or therapeutic services is inconsistent with, and de-

feats the purpose of, the detailed notification requirements of SDCL 28–13–34.1. *Id.*

In this instance, the trial court found that, with regard to Ms. Runge, the notice of hospitalization estimated the cost of services at $12,000 while the actual costs were $55,-492. Moreover, the trial court found that the accrued costs for Ms. Runge on the date the notice was mailed had already exceeded the estimated costs listed on the notice. Further, the trial court found that no description of the degree of severity of Ms. Runge's illness was provided in the notice. Finally, while the notice stated that services would include "possible" surgery, the trial court found that Ms. Runge underwent actual surgery on the date the notice was sent. Based on these findings, the trial court concluded that Hospital failed to strictly comply with the notice requirements of SDCL 28–13–34.1 and, therefore, it was not entitled to reimbursement for the services provided Ms. Runge.

With regard to Ms. Dean, the trial court found that the notice of hospitalization described the nature and severity of her illness as a "bowel obstruction" while her discharge summary indicated she was admitted for a deterioration of her kidney function. The trial court further found that there was no indication of the severity of her illness on the notice of hospitalization. Finally, the trial court found that the notice estimated the cost of services for Ms. Dean at $10,000 while the actual costs were $49,192. Based on these findings, the trial court concluded that Hospital failed to strictly comply with the notice requirements of SDCL 28–13–34.1 and, therefore, was not entitled to reimbursement for the services provided to Ms. Dean.

■ The trial court's findings are well supported by the evidence. Hospital's own records establish that some of the key information contained in the notices of hospitalization was not only out of date, but inaccurate. Some information was simply not provided. The description of the severity of the illnesses of both Ms. Runge and Ms. Dean merely referred to a "bowel obstruction." While that might adequately describe the nature of their illnesses, it says nothing about their

severity. Nothing can be ascertained about the treatment entailed to allow the County to evaluate the possibility of recovery, the duration of treatment or the duration of the recovery. While the sections of the notices addressing the anticipated services might normally fill in this void, in this instance, such vague, boilerplate language was used as to render the verbiage useless for informational purposes. Moreover, the fact that Ms. Runge underwent actual surgery on the very date the notice indicated there was only a possibility of surgery severely undercuts the credibility of the notices concerning anticipated services, as well as the estimated cost.

Indeed, most inadequate was the estimated cost of services contained in the hospitalization notices. In Ms. Runge's case, the actual cost of the services provided was 4.5 times the estimate. In Ms. Dean's case the actual cost was nearly 5 times the estimate. While an estimate is only an approximation of the expected costs, the estimates in these cases came no where close to an approximation. Even the testimony of the Hospital official who completed the notices provides no basis for his estimates. According to his testimony, he looked at the accrued costs at the time the notices were completed and added a "couple" of thousand dollars. Yet, on the date the notice was completed in Ms. Runge's case, her accrued costs of hospitalization already exceeded the estimated costs.

Hospital's position is simply untenable: Even the incomplete information it provided in its notices is questionable and offered the County no basis from which it could determine whether alternate care would be appropriate. *Presentation Sisters, supra.* Hospital practiced exactly what this court condemned in *Presentation Sisters.* It turned what should be a substantive document providing valuable information to the county into a pro forma piece of paperwork. On that foundation, it sought thousands of dollars in public funds as reimbursement for medical costs.

▆▆▆ As we noted in *Presentation Sisters,* the practical effect of our decision may result in financial detriment, but we are compelled to construe the statute according to its plain meaning. *Id.* at 175. Merely apprising the county that an indigent is receiving hospitalization and medical service is not enough, especially when "each hospital has the expertise to provide counties with the information the notice statute requires." *Id.*

Affirmed.

MILLER, C.J., and AMUNDSON and GILBERTSON, JJ., concur.

SABERS, J., dissents.

SABERS, Justice (dissenting).

"Every county has a duty to support indigents residing within its boundaries." *Appeal of Presentation Sisters, Inc.,* 471 N.W.2d 169, 174 (S.D.1991) (citing SDCL 28–13–1). "In South Dakota, counties have a specific duty to provide hospitalization, medical care, and treatment for poor persons." *Id.* (citations omitted). Hospitals may be reimbursed for medical expenses by the indigent's county of residence if the hospital complies with procedural requirements. *Id.* (citation omitted); *see Sioux Valley Hosp. Ass'n. v. Tripp County,* 404 N.W.2d 519, 523 (S.D.1987) (Sabers, J. and Wuest, C.J. dissenting) (County must reimburse if "substantial compliance" with statutory procedures).

Here, Runge was admitted to Hospital on November 11, 1992. Hospital provided notice to County on November 18, 1992. Dean was admitted to Hospital on November 20, 1992, and notice was sent on November 23, 1992. On both occasions, County was given notice one of its indigent residents was hospitalized, that Hospital intended to seek payment from County, and that County has the "option of obtaining alternate arrangements for hospitalization pursuant to SDCL 28–13–35." *Tripp County,* 404 N.W.2d at 523 (Sabers, J. and Wuest C.J., dissenting).

[O]nce [County] received notice of the hospitalization and did nothing to make substitute arrangements, nor did anything to inform Hospital that it was not going to pay for the hospitalization, it should be held responsible for the medical expenses incurred after notice....

*Id.* at 522. County did not inform Hospital "that it was not going to pay for the hospitalization[,]" nor did it seek alternative treat-

ment. *Id.* Therefore, County should be liable to Hospital.

The majority insists on strict compliance with the notice provisions of SDCL 28–13–34.1. Runge's notice listed her illness as "possible bowel obstruction." Estimated cost of medical services was $12,000.00. Hospital demands $32,490.81 for her care. Dean's illness was also listed as "bowel obstruction." Dean's estimated medical costs were $10,000.00. Hospital demands $24,661.31 for her care. The majority affirms the trial court, which determined that the Hospital's notices "failed to strictly comply with the requirements of the statute because neither notice described the degree of severity of the illness nor satisfied the requirement for an estimate of costs."

Substantial compliance rather than strict compliance under this statute is all that should be required in these circumstances. *Tripp County*, 404 N.W.2d at 523 (Sabers, J. and Wuest, C.J. dissenting). SDCL 28–13–34.1 requires the hospital to provide notice to the county within 15 days. This provides the county the opportunity to obtain alternative relief for the ill person if it chooses. This is the reason for the rule and it has been satisfied here. Obviously, *emergency* medical services are often required; therefore, the hospital cannot await the completion of all medical care in order to strictly comply with the technicalities of the notice statute. It must provide emergency health care to indigent persons. It is inequitable to require a hospital to diagnose the particular illness and calculate precisely the medical costs for treating a patient before treatment can be completed, or risk not being reimbursed by the county. It flies in the face of medical science and common sense: how can a hospital know the extent of the illness or expense before medical tests and treatment are provided?

Medicine is an inexact science which requires accumulation of data through medical testing and observation. It depends on the patient's response to treatment. It may require several treatment techniques before recovery. The majority's insistence on strict compliance with SDCL 28–13–34.1 requires hospitals to practice assembly line medicine

to the detriment of indigent patients. This thwarts the purpose of SDCL ch. 28–13, which is to provide quality emergency health care to indigents, and improperly shifts the county's duty to pay for medical services for indigents to the medical provider. Therefore, I dissent.